## SUPREME COURT.

SIDNEY H. LANGWORTHY agt. PERRY BROOMLEY, and others.

In an action to recover back money lost at play, the complaint must allege that a sum of twenty-five dollars was lost by the plaintiff at one time or sitting, and that it or some part of it was paid or delivered within three calendar months before the commencement of the action; as required by section 14 of 1 Revised Statutes, 662.

As the plaintiff had no remedy at the common law to recover back money lost at play, he must recover, if at all, by force of the statute, and must by his complaint bring himself within its provisions.

Sections nine and fourteen of the Revised Statutes, in relation to betting and gaming, provide for two classes of cases; one where the parties bet or wager a sum of money upon some contingent event, and the other where the parties play at a game or bet on the sides or hands of such as do play. An action under section 14 is barred after three months, while under section 9, the action is not barred short of three years.

*Syracuse Special Term, April, 1864.*

THE complaint contained substantially the following averments : That the defendants, keepers of a gambling room in Syracuse, wrongfully won and obtained from the plaintiff one hundred and forty dollars on the 4th day of January, 1864, and other days during that month, by playing with him at the game of faro, being a game of chance, at which game the plaintiff and defendants staked and bet various sums of money during that time ; that the plaintiff staked and bet and lost, sums amounting in the aggregate to the said sum of one hundred and forty dollars, which the defendants won, and unlawfully and fraudulently obtained of him at the said game, on the various days and times aforesaid, against the form of the statutes in such case made and provided, and which the said defendants wrongfully withheld and refused to restore to the said plaintiff. Demurrer to complaint.

HOUGH & KING, *for plaintiff.*
MOLLOY & GILBERT, *for defendants.*

Langworthy agt. Broomley.

MORGAN, J.    The demurrer is interposed upon the ground that there is no allegation in the complaint that a sum of twenty-five dollars or upwards, was lost by the plaintiff at any one time or sitting, or that any part of it was paid or delivered within three calendar months before the commencement of the action, as required by the provisions of the Revised Statutes authorizing a suit to recover the money back (1 *R. S.* 662, § 14).

The plaintiff, on the contrary, insists that the suit is not brought under the 14th section of the statute, but under section 9, which provides that any person who shall pay money upon the event of a wager or bet, may sue for and recover the same of the winner, or of the stakeholder, whether such wager be lost or won.    The learned counsel for the plaintiff admits that there is some apparent incongruity between sections 9 and 14, but he thinks it grows out of the fact that they were enacted at different periods of time.    But although section 14 was part of the old statute, it was re-enacted in 1830, together with section 9, and both were reported by the revisers as part of article 3, title 8, chapter 20, of the first part of the Revised Statutes.

If section 9 provides for this case, then section 14 is useless, except to authorize the overseers of the poor to sue for and recover the money lost at play when the loss amounts to twenty-five dollars at one time or sitting, and the loser neglects to sue for it within three calendar months after he has paid it over to the receiver, as provided in section 15.    Notwithstanding the close connection existing between the different species of gambling, it must be assumed, I think, that the legislature has made provision for two classes of cases; one where parties bet or wager a sum of money upon some contingent event; and the other, where the parties play at a game, or bet on the sides or hands of such as do play.    Section 14, if it means anything, refers to gambling where parties play at cards or

dice, or some other game, not to wagers which parties make with each other upon contingent events, as upon the result of a horse race or of a presidential election. *Meech* agt. *Stoner* (19 *N. Y.* 26), was a case of gaming by playing at cards, called *faro*, as in the case at bar. The complaint there stated that " the sum of $1,500 was lost, paid and delivered by said Gould, and won, had and received by the said defendants in sums exceeding twenty-five dollars at each and every time and sitting, and that three calendar months have not elapsed since the said sum of $1,500, or any part thereof, was repaid and delivered by the said Gould to the said defendants." And the proof was that at the first sitting, Gould lost $450; second sitting, $300; third sitting, $200; fourth sitting, $175; fifth sitting, $100; and at the sixth sitting, $480, making in all the sum of $1,705. (*See Judgment Roll, in cases in Court of Appeals, January Term,* 1859, *part I.*)

The judge in delivering the opinion of the court in that case (*p.* 29) says: "It is argued that the loser has a privilege to elect within three months to bring his action, and that if he does not so elect, the right to sue rests in the overseers of the poor. This is true," &c., &c. Again, " If the right to sue is not asserted within the time it is gone." Although the question was not necessarily involved in the decision, still the observations of the learned judge, in accordance with the obvious construction of the statute, are entitled to great weight. And I think, without having had time for much reflection upon the subject, that the action in this case must be sustained, if it can be sustained at all, under the 14th section of the statute.

If this is so, then it was necessary for the plaintiff to state a case within that section, as was done in the case above cited. And such was the form of stating the case under the English statutes, containing substantially the same provision. (*See* 2 *Chitty on Pl.,* 405 *d, Springfield ed. of* 1833, *and note w.*)

The cases cited by the plaintiff's counsel do not apply, for they were all under section 9, and none of them related to money lost at playing, or by betting upon the side or hands of such as do play. The action here is barred after three months, while the action under section nine is not barred short of three years, as was held in *Fowler* agt. *Von Surdam* (1 *Denio*, 557).

As the plaintiff had no remedy at the common law to recover back money lost at play, he must recover, if at all, by force of the statute; and must by his complaint bring himself within its provisions. (4 *J. R.* 193; 3 *W. R.*, 494.)

Judgment for the defendants on the demurrer.