### LYON v. SMITH.

(Supreme Court, Appellate Division, Third Department.   January 4, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 221*)—CLAIMS AGAINST DECEDENT—EVI-
    DENCE.

In an action against an administrator brought four years after the death of a deceased person for services rendered commencing four years before the death, evidence *held* insufficient to establish the claim.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 901–903½; Dec. Dig. § 221.*]

Appeal from Judgment on Report of Referee.

Action by Willet C. Lyon against Norman J. Smith as administrator of Frank S. Smith, deceased.   From a judgment for plaintiff on report of referee, defendant appeals.   Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE,
SEWELL, and HOUGHTON, JJ.

H. S. Williams, for appellant.
T. B. & L. M. Merchant, for respondent.

COCHRANE, J.   The defendant's intestate, Frank S. Smith, was superintendent of Ross Park in the city of Binghamton.   He lived within the park and kept there for his own use cows, pigs, and chickens, and the same seem to have been fed and cared for partly at least in connection with animals maintained within the park by the city.   He died intestate September 20, 1907, leaving as his only next of kin one son, the defendant herein.   His estate consisted of less than $2,000.   Plaintiff worked in the park for the city under the directions of Smith as superintendent.   After the death of the latter he presented a claim against his estate for services in taking care of the cows, chickens, and pigs of Smith night and morning from May 30, 1899, to October 15, 1904, a period of 280 weeks at $2 per week, amounting to $560.   On the trial it was conceded that no services had been performed prior to May 30, 1900, and the claim of the plaintiff after that date was allowed in full by the referee, except that he deducted $102.34 for merchandise sold and delivered by Smith to the plaintiff at various times during the rendition of the services.   Plaintiff's service for the city was performed between 8 o'clock in the forenoon and 5 o'clock in the afternoon, and he claims that the services in question were rendered for Smith before and after the hours mentioned during all of the time from May 30, 1900, to October 15, 1904.   Plaintiff testified in his own behalf and this judgment rests largely on his own

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

testimony. He described in detail the nature and extent of his services. This evidence was received over the objection that it was inadmissible under section 829 of the Code of Civil Procedure. It is a grave question whether this objection should not have been sustained, but the defendant on this appeal seems to concede the propriety of the ruling.

I am of the opinion, however, that this claim has not been established with such clear and convincing evidence as is required in this class of cases. It is true several witnesses testified to admissions of Smith that he intended to pay plaintiff for his services. Those admissions, however, may well have related to the fact that plaintiff was receiving from him merchandise from time to time. Assuming that the admissions were made as claimed, they are entirely consistent with the idea that plaintiff was being paid by the receipt of this merchandise. There is no evidence aside from plaintiff's testimony which shows the full extent or amount of the services as claimed by him, and the finding of the referee that these services were worth $2 a week during this entire period of more than four years is clearly not justified, unless it be by the testimony from the lips of the plaintiff. It is doubtless true that he performed some services, but he has also been paid in merchandise at least to a certain extent. If we eliminate his own testimony there is nothing to justify the inference that he has not received adequate compensation for all services rendered. Clearly, then, giving full weight to the admissions of Smith that he expected to make payment, the fact that services have been rendered more valuable than the merchandise has not been established by evidence of such preponderance or convincing force as is required in an action of this nature. There is no adequate explanation of the fact why the plaintiff should have delayed until the year 1908 the presentation of this claim which began to accrue in 1900 and continued until 1904, and until death had closed the lips of the man he claims was owing him. It is suggested as a reason for delay that Smith, while the alleged services were being performed, said that if he failed to make payment while he was alive he would remember plaintiff in his will, but, assuming such statements to have been made, they did not imply a promise of anything except such as might be legally required. It is scarcely probable that this decedent, in humble circumstances, and worth less than $2,000, considered himself indebted to the plaintiff to the extent of more than $100 a year for a period of more than four years, which terminated three years before his death. It is equally improbable that, if the plaintiff had a genuine conviction that Smith was thus indebted to him, he would have remained quiescent as he did for an indefinite period, until the death of Smith gave him the opportunity to present his claim without possibility of contradiction. The conduct of the parties was inconsistent with the expectation of either that further compensation was owing. It is now too well settled to require the citation of authorities that claims like this, which remain dormant during the life of the alleged debtors, and which only develop activity after the death of the latter, must be established by something more than a preponderance of evidence. The evidence in this case does not measure up to the necessary standard.

The judgment should be reversed on the law and facts, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur.

