MABEL C. HASKELL, as Executrix of the Last Will and Testament of JOHN M. HASKELL, Deceased, Plaintiff, *v.* THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant.

Supreme Court, Albany Special Term, April, 1922.

**Undertakings — appeal bond — action to recover amount of judgment and costs from surety — construction of undertaking — practice — summary judgment — Rules of Civil Practice, rule 113.**

A surety company by an undertaking given to perfect an appeal from a judgment upon which no execution was ever issued, agreed to pay all costs, disbursements and damages awarded against the appellant if the judgment should be affirmed or the appeal dismissed, together with all costs and damages which might be awarded against the appellant, not exceeding $500. Upon the dismissal of the appeal by the Appellate Division an order to that effect was duly entered and a judgment of $21.42 was entered against the appellant and in favor of the respondent, since deceased. No part of the judgment appealed from has been paid nor have the costs of the dismissal of the appeal been paid. In an action on the undertaking brought by the executors of the deceased respondent, to recover the full amount of the judgment appealed from and costs, the surety company by its answer admitted its liability for the judgment of $21.42, but disclaimed any further liability. Upon plaintiff's motion for judgment on the pleadings, *held,* that the undertaking of defendant as a common-law agreement was to pay the judgment appealed from if it should be affirmed and the appeal dismissed.

The limitation of $500 did not relate to the amount to be paid on the judgment appealed from, but to the agreement to pay costs and damages upon the dismissal of the appeal.

The court, under rule 113 of the Rules of Civil Practice, will permit the plaintiff to file an affidavit, serving a copy thereof on defendant, for a summary judgment for the full amount claimed, with interest, together with the further sum of $21.42, together with costs of this action.

MOTION by plaintiff for judgment on the pleadings.

*J. F. Lucey* and *P. C. Dugan*, for plaintiff.

*Ainsworth, Sullivan, Wheat & Archibald,* for defendant.

NICHOLS, J. On May 9, 1921, John M. Haskell, plaintiff's testator, recovered a judgment against one Theodore Jelenk in the Supreme Court, Albany county, for the sum of $1,422.34 damages and costs. On the 7th day of June, 1921, the judgment debtor in that judgment served a notice of appeal to the Appellate Division of the third department, appealing from the whole of said judgment, and together with the notice of appeal served an undertaking which was executed by the defendant herein, the Fidelity and Casualty Company of New York, which among other things contained the following recital:

" *Now therefore,* The Fidelity & Casualty Company of New York does hereby pursuant to the statute in such case made and provided, undertake that the appellant, Theodore Jelenk, will pay all costs, disbursements and damages awarded against him if such judgment shall be affirmed or the appeal be dismissed, together with all costs and damages which may be awarded against the appellant, Theodore Jelenk, thereon, not exceeding five hundred dollars ($500.00)."

A copy of said undertaking was served on the plaintiff in this action. On the 15th day of November, 1921, the appeal of the said Theodore Jelenk was duly dismissed by the Appellate Division and an order of dismissal duly entered. The said John M. Haskell has since died, leaving a last will and testament appointing the plaintiff herein as executrix thereof, which will was admitted to probate December 21, 1921, and the plaintiff is now acting as such executrix.

On the dismissal of the appeal a judgment of twenty-one dollars and forty-two cents costs was entered against Theodore Jelenk in favor of the said John M. Haskell, deceased.

No part of the judgment appealed from has been paid, nor have the costs of the dismissal of the appeal been paid. The defendant in its answer, however, admits its liability for said judgment of twenty-one dollars and forty-two cents and expressly disclaims any liability for any further sum. No execution was ever issued on the judgment appealed from.

By section 1352 of the Code of Civil Procedure it was provided as follows:

" Sec. 1352. Stay of proceedings without order. Upon an appeal from a final judgment, taken as prescribed in this title, the appellant may give the security, required to effect an appeal

to the court of appeals, for a judgment of the same amount, or to the same effect; and to stay the execution thereof. In that case, the execution of the judgment appealed from is stayed, as upon an appeal to the court of appeals, and subject to the same conditions."

. Security is not required to perfect an appeal, only to stay execution, and is subject to the same conditions as staying execution on an appeal to the court of appeals.

Section 1326 of the Code of Civil Procedure provides as follows:

" Sec. 1326. Security to perfect appeal. To render a notice of appeal, to the court of appeals, effectual, for any purpose, except in a case where it is specially prescribed by law, that security is not necessary, to perfect the appeal, the appellant must give a written undertaking, to the effect, that he will pay all costs and damages, which may be awarded against him on the appeal, not exceeding five hundred dollars. The appeal is perfected, when such an undertaking is given and a copy thereof, with notice of the filing thereof, is served, as prescribed in this title."

The balance of said section 1326, as amended by chapter 554 of the Laws of 1921, does not relate to the instant case.

Section 1327 of the Code of Civil Procedure provides for the giving of the undertaking to stay execution, which undertaking was to the effect " that if the judgment or order appealed from, or any part thereof, is affirmed, or the appeal is dismissed, he will pay the sum, recovered or directed to be paid, by the judgment or order, or the part thereof, as to which it is affirmed." And by section 1334 of the Code of Civil Procedure it is provided:

" Sec. 1334. Undertakings may be in one instrument; form and service thereof. Where two or more undertakings are required to be given as prescribed in this title they may be contained in the same instrument, or in different instruments, at the option of the appellant. Each undertaking given as prescribed in this title must be executed by at least two sureties, and must specify the residence of each surety therein. A copy thereof, with a notice showing where it is filed, must be served on the attorney for the adverse party with the notice of appeal or before the expiration of the time of appeal."

If the appellant, Theodore Jelenk, was not required to give an undertaking to perfect his appeal to the Appellate Division, the only purpose for which that undertaking must have been given was to stay execution on appeal, as otherwise it would have been an idle ceremony to execute it. In *McElroy* v. *Mumford,* 128 N. Y. 303, 307, the court says: " It was held, in accordance with what was assumed to have been the intention of the parties, that the under-

taking was a valid security for the stay of proceedings on the appeal, as otherwise it would have been idle ceremony to execute it.

" We think the intention here was equally clear, from the whole instrument, that the parties intended to secure a stay on the entire judgment rendered by the General Term."

Therefore, the defendant's denial in its answer, that said undertaking was executed and delivered by the defendant for the purpose of staying execution on said judgment appealed from, raises no issue, it being manifest to this court that that could have been the only purpose for which it was executed and delivered.

The plaintiff's attorney in the action appealed from took no proceedings to enforce the judgment until after the determination of the appeal. This constituted a forbearance on the part of the plaintiff, at the request of the defendant, to pursue his legal remedy against the defendant pending the appeal in consideration of the undertaking. It was not in the form of the statutory undertaking to stay execution pursuant to said section 1327; it was founded on a good consideration; it inured as a good common-law agreement, enforcible according to its terms. *Goodwin* v. *Bunzl,* 102 N. Y. 224; cited and approved in *Concordia S. & A. Assn.* v. *Read,* 124 id. 189, to the extent of holding that such an agreement is a valid common-law agreement; in both of which cases as well as the instant case, the undertaking contained the following recital: " do hereby pursuant to statute in such case made and provided undertake." The court says further, " While the undertaking is valid and enforcible as an agreement, it can only be enforced according to its terms, and will not be given the force and effect of a statutory undertaking unless its provisions require it."

There are two conditions in the undertaking in the instant case, the first being, " That the appellant, Theodore Jelenk, will pay all costs, disbursements, and damages awarded against him if such judgment shall be affirmed or the appeal be dismissed." The second condition being, " together with all costs and damages which may be awarded against the appellant, Theodore Jelenk, thereon, not exceeding five . hundred dollars ($500.00)." The second condition being the condition that by section 1326 is required in an undertaking to perfect an appeal to the Court of Appeals.

The defendant in this action insists that the first condition, not being in the language required by said section 1327, creates no liability against it. But, as an enforcible agreement, it undertakes " to pay all costs, disbursements and damages awarded against him (Theodore Jelenk) if such judgment shall be affirmed or the appeal be dismissed." The judgment was not affirmed, but the appeal was dismissed. In the event of the dismissal of the appeal, there

could have been nothing but costs and disbursements awarded against Jelenk in any event. Therefore, the agreement to pay damages awarded in either case, whether the judgment should be affirmed or the appeal be dismissed, must have meant the damages awarded in the judgment appealed from which would also include the costs and disbursements under the express provisions of this undertaking. I, therefore, think that the agreement of the defend-ant in the instant case, as a common-law agreement, was to pay the judgment appealed from if the judgment should be affirmed and the appeal dismissed.

I do not think that the limitation of $500 in this agreement relates to the amount to be paid on the judgment appealed from, it being another agreement to pay " costs and damages which may be awarded against the appellant Theodore Jelenk thereon, not exceeding five hundred dollars ($500.00)." This is clearly by its language an agreement to pay other costs and damages which are the costs upon the dismissal of the appeal, to wit, $21.42.

Upon the argument of this motion I plainly stated to counsel that I thought the provisions of rule 113 of the Rules of Civil Practice applied. Counsel for the defendant practically conceded that the whole of the undertaking was before me for my con-struction. I stated that I thought it went further than that. I, therefore, permit the plaintiff, on or before April 22, 1922, under the provisions of said rule, to file an affidavit, serving a copy thereof on the defendant, for a summary judgment for the sum of $1,422.34, with interest from May 9, 1921, together with the further sum of $21.42, together with costs of this action.

Either party may submit a proposed order in accordance with the foregoing.

Ordered accordingly.