J. R. MELCHER, INC., Appellant, v. GIOVANNI GRAZIANO and Another, Respondents.

First Department, May 1, 1925.

Sales — action for purchase price of barrel staves — counterclaim construed to be for damages for breach of contract and not for return of purchase price on rescission — summary judgment in favor of plaintiff properly denied.

Plaintiff's motion for summary judgment in this action to recover the purchase price of barrel staves as to which there was no dispute, was properly denied, since the defendants' alleged counterclaim based on defects in the barrel staves, though technically demanding a return of the purchase price as on a rescission of the contract, may be properly construed as a demand for damages for breach of the contract, since the counterclaim, aided by the affidavits on the motion, shows that that was the defendants' intention. As thus construed, a substantial defense to the action on the merits was raised and it was proper to deny the motion for summary judgment.

APPEAL by the plaintiff, J. R. Melcher, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of May, 1924, denying its motion for summary judgment.

*Charles Coleman Miller*, for the appellant.

*Stone & Schleimer* [*A. B. Paley* of counsel; *Nathan Hubbard Stone* with him on the brief], for the respondent.

McAVOY, J.:

This action was commenced to recover for goods sold and delivered by plaintiff to defendants. There is no dispute concerning the plaintiff's claim, and the sole question is whether or not defendants' counterclaim is sustained by the affidavits and pleadings.

The defendants are manufacturers of barrels. On October 11, 1922, the plaintiff offered by letter to sell to the defendants .25,000 or 30,000 staves known as whisky seconds, at fourteen cents each, c. i. f., Genoa, Italy. The staves were described as staves containing " no culls   *   *   *   and are of the usual grade of whisky seconds that have been shipped to Genoa for many years." They are also described as being " bucked " and of the " width of 4″ and up inside of sound sap." Defendants accepted the offer to the extent of 25,000 staves mentioned in said letter of October 11, 1922. The same was confirmed by letter of November 20, 1922, which plaintiff claims to have sent to defendants, in which all the conditions are stated, among which were that the staves should be " bucked," second quality, white oak, whisky barrel staves, in dry condition, thirty-four to thirty-eight inches by seven-eighths inches, c. i. f. Genoa. The agreed price was $3,500, which defendants paid on the 2d of December, 1922. The goods were shipped by the plaintiff from New Orleans to the defendants in Italy. Upon arrival in Genoa the defendants caused the staves to be examined, under a provision of the Code of Commerce of Italy, by an expert appointed by a tribunal there, who reported that about one-third of the total consisted of " rejects," worm-eaten, and defective staves, and were consequently unfit for the stated purpose. As to the other two-thirds, he reported that the measurement showed that instead of their being eleven to eleven and one-half centimeters, excluding the edge, they were only nine to nine and one-half in width; and as to the length, he said a great majority of the staves did not reach the stated measure. When the defendants ascertained that the staves were not up to the grade ordered nor of the sizes agreed upon, they wrote to plaintiff as follows: " Therefore note that I have already ordered to the Commercial Court of Genoa to inspect your shipment, and from their decision I will demand

you to rebate me the difference from the price that I have paid you."

The counterclaim is based upon allegations of these facts.

The plaintiff eight days later wrote a letter to defendants directing them to turn over the staves to the Credito Italiano, but the defendants had made commitments in Italy for the staves which required the use of as many of the staves as were suitable for the manufacture of barrels, and before the receipt of the letter which asked them to turn over the staves to the Credito Italiano, had already started to use them.

The technical error in the defendants' counterclaim is that it pleads as though defendants were demanding a rescission and a refund of a part of the purchase price paid to the plaintiff. The counterclaim states in paragraph 10 that the defendants, immediately upon the discovery that the staves were not in conformity with the agreement and were of the condition hereinbefore stated, duly notified the plaintiff that they refused to accept the same and demanded the return of the money paid for the said staves; and in paragraph 11 it asserts that the plaintiff failed to promptly notify the defendants whether it would accept the return of the said staves and refund the purchase price to the defendants. The demand, however, is for the sum of $1,900, although the purchase price paid by defendants was $3,500. While this is an incorrect form of pleading for damages for breach of the contract of sale, the affidavits on the motion show that a defense exists to the action and that a motion for summary judgment cannot be granted because of this substantial defense on the merits. (See Rules Civ. Prac. rule 113.)

The counterclaim allegations can remain as they are with but an addition to the effect that the difference between the value of the staves contracted for and their value as delivered was $1,600, and the demand for judgment may remain the same.

We think, therefore, that the motion was properly denied.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.