EMMETT DONNELLY, Respondent, *v.* JAMES C. BAUDER, Appellant.

Fourth Department, May 21, 1926.

Judgments — summary judgment — action on promissory notes — motion under Rules of Civil Practice, rule 113, for summary judgment — want of consideration was effectively pleaded in answer — defense that notes were given for gambling debt was not sufficiently set up — answer and supporting affidavits, however, show plausible defense and raise substantial issue — appeal may be taken from judgment — order not absolutely essential, when motion granted, though better practice is to enter order and appeal from both order and judgment.

In an action on two promissory notes in which the defense was set up that the notes were given without value or for a valuable consideration and were null and void, a motion by the plaintiff for judgment was apparently made under rule 113 of the Rules of Civil Practice to strike out the answer and for summary judgment, although the record does not indicate whether the motion was made under that rule or rule 112, since it appears that affidavits were used by both parties on the motion and that there was no provision permitting the defendant to amend his answer on terms which would have been proper under the circumstances on a motion made under rule 112.

In view of the fact that the promissory notes were not alleged to be negotiable instruments, the plaintiff would not have been entitled to judgment under rule 112, since there is no allegation that the notes were given for value.

Although the answer is far from perfect, there are sufficient allegations to raise the question of want of consideration.

The defendant on the motion for judgment presented affidavits to the effect that the notes were given in part for a gambling debt and to that extent were illegal and void under section 993 of the Penal Law, but the defense of illegality was

not sufficiently set up in the answer, since the facts were not pleaded showing the nature of the illegality and that the contract was made within the jurisdiction where the prohibitive statute is effective.

However, technical defects in the answer are not available upon an application for summary judgment, and since the answer in this case and the supporting affidavits show sufficient facts constituting a plausible defense, a genuine and substantial issue requiring a trial is raised and it was error to grant plaintiff's motion for summary judgment.

It is not absolutely essential, although undoubtedly it is better practice, if the motion is granted, to enter an order striking out the answer and directing summary judgment.

Reviewable questions were properly brought before the Appellate Division by an appeal from the judgment, although generally, where a motion for summary judgment is granted, the appeal is taken from both the order and judgment.

Appeal by the defendant, James C. Bauder, from a judgment of the County Court of the county of Steuben in favor of the plaintiff, entered in the office of the clerk of said county on the 30th day of September, 1925, pursuant to an order of said court theretofore made at a Special Term thereof and duly entered in said clerk's office, granting plaintiff's motion for judgment.

*Floyd W. Annabel,* for the appellant.

*James O. Sebring,* for the respondent.

Davis, J. The complaint asks recovery on two promissory notes in which defendant agreed to pay plaintiff the respective amounts named therein sixty days after date. The two aggregate $931 besides interest and both became due and payable before the commencement of the action. The answer contains no denials and admits the making and delivery of the notes. It is alleged therein, however, that " the said notes were given without value or for a valuable consideration and were and are null and void."

Plaintiff moved for and obtained a judgment. It is somewhat difficult to tell whether the motion was made under rule 112 or rule 113 of the Rules of Civil Practice. There was no opinion and the order and judgment contain no recitals as to the nature of the motion, except it is said in the order that the motion is "for judgment upon the pleadings." Nor does the form of the judgment disclose the theory on which it was granted. The proceeding was instituted by an order to show cause, and the accompanying affidavit beyond the statement of reasons why the usual notice cannot be given states only that it is important to have the action disposed of at the earliest possible date and that there is not sufficient issue for trial.

The plaintiff takes the position that the order and judgment may be sustained under either rule. The defendant asserts that it was a summary judgment. The fact that affidavits were used by both parties on the motion sustains the defendant's theory.

Furthermore, there was no provision permitting the defendant to amend his answer on terms as would have been proper under the circumstances on a motion made under rule 112. (Civ. Prac. Act, § 283.) In any event the plaintiff would not have been entitled to judgment under rule 112, for, as the complaint alleges, the notes are payable to plaintiff, a named person, and not to order or bearer. Therefore, they were not negotiable instruments (Neg. Inst. Law, § 20; *Owens* v. *Blackburn, No. 1,* 161 App. Div. 827); and may not be deemed *prima facie* to have been issued for a valuable consideration under that statute (Neg. Inst. Law, § 50); nor is the rule applicable making absence or failure of consideration a matter of defense (Id. § 54). As there is no allegation in the complaint that these notes were given for value, it would be necessary for the plaintiff to make proof of consideration. (*Deyo* v. *Thompson,* 53 App. Div. 9; *St. Lawrence County Nat. Bank* v. *Watkins,* 153 id. 551; *Kerr* v. *Smith, No. 1,* 156 id. 807; *Spear* v. *Associated P. & R. Corp.,* 120 Misc. 518.)

The allegations in the answer, even though not a commendable form of pleading, were sufficient to raise the question of want of consideration. (*St. Lawrence County Nat. Bank* v. *Watkins, supra; California Packing Corp.* v. *Kelly S. & D. Co.,* 228 N. Y. 49, 52.)

We will, therefore, consider the judgment as summary. On the motion the defendant presented affidavits to the effect that the notes to the amount of $800 were given for a gambling debt and to that extent illegal and void under the provision of Penal Law, section 993. This defense of illegality was not sufficiently set up in the answer, for where a contract is declared void by statute, facts must be pleaded showing the nature of the illegality and that the contract was made within the jurisdiction where the prohibitive statute is effective. (*Langworthy* v. *Broomley,* 29 How. Pr. 92; *Ithaca Fire Dept.* v. *Rice,* 108 App. Div. 100; *Milbank* v. *Jones,* 127 N. Y. 370; 8 C. J. 922 and cases cited.) This is the common practice recognized in the profession. (See Abbott's Forms of Pleading [2d ed.], 161, 2259, 2371, 2377.) Technical defects in the answer are not available upon an application for summary judgment and if the answer and supporting affidavits show sufficient facts so that in the furtherance of justice it is evident that that party should have a right to defend, the application should be denied. (*Curry* v. *Mackenzie,* 239 N. Y. 267, 272.)

It is quite apparent from the entire record that defendant has made out a plausible defense and that there is a genuine and substantial issue requiring trial. (*General Investment Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133; *Gravenhorst* v. *Zimmerman,* 236 id. 22; *Niles* v. *Seeler,* 240 id. 650.)

The respondent urges that the judgment must be sustained because no reviewable question is before this court for the reason that the appeal is only from the judgment and not from the order granting judgment. The remedy furnished by summary judgment is comparatively new. The practice generally adopted seems to be that on decision of the motion a formal order is entered denying or granting the motion. If the motion is denied, an appeal is taken from the order; if granted, a judgment is entered and the appeal is usually taken from both the order and judgment. We think that if the motion is granted, an order is not strictly necessary, although undoubtedly it is better practice to enter an order striking out the answer and directing judgment. (See Civ. Prac. Act, §§ 113, 127.) Rule 113 says: " The answer may be struck out and judgment entered thereon on motion." The motion seems to be for a judgment like that for a nonsuit on a trial, and may be entered on the direction of the court, with or without a formal order.

The judgment recites the order upon which it is granted and the order as well as the pleadings and all papers used on the motion are printed in the record. We think under the circumstances the plaintiff was fairly apprised of the grounds of the appeal. (*Seymour* v. *Hughes*, 55 Misc. 248.) In somewhat analogous cases an appeal from the judgment entered on an order is sufficient. (*Robinson* v. *Chinese Assn.*, 42 App. Div. 65; *Kelly* v. *Theiss*, 77 id. 81; *Stevens* v. *Central Nat. Bank*, 162 N. Y. 253.) The order in question differs from intermediate orders or those relating to some collateral matters which under the provisions of section 580 of the Civil Practice Act must be specified in the notice of appeal if review be sought. Here under the practice adopted the order was as much a vital part of the proceeding leading to judgment as was the order to show cause by which it was instituted. We conclude that the question is properly here for review.

The judgment should be reversed on the law, with costs, and the motion denied, with ten dollars costs, with leave to plaintiff under rule 114 to enter judgment for the amount defendant admits to be due, to wit, $131, with interest, and to sever the action if he so elects.

HUBBS, P. J., SEARS and CROUCH, JJ., concur; TAYLOR, J., not voting.

Judgment reversed with costs, and motion denied, with ten dollars costs, with leave to plaintiff, under rule 114 of Rules of Civil Practice, to enter judgment for the amount defendant admits to be due, to wit, $131, with interest, and to sever the action, if he so elects.