WALTER R. RAWLIN, Respondent, Appellant, v. NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, Appellant, Respondent.

Third Department, July 1, 1927.

Appeal — undertaking — action on undertaking given on appeal from judgment — undertaking was given by insurance carrier for amount of policy which was one-half amount of judgment against insured — triable issue of no consideration was presented — error to grant plaintiff summary judgment for face of bond.

This is an action to recover on an alleged undertaking on appeal. It was error for the court to grant summary judgment in favor of the plaintiff, since it appears that the defendant was the insurance carrier for the owner of an automobile, against whom plaintiff recovered a judgment of $10,000; that after the judgment was recovered the defendant gave a bond for $5,000, the face of its policy, and distinctly stated that the bond was not given to stay execution but to show its good faith. Not only does the undertaking not conform to the statutory requirements in order to stay execution on appeal because it purports to limit liability to one-half the amount necessary therefor, but it also appears that it was not given for the purpose of staying execution on appeal, and, therefore, the defense of no consideration presents a triable issue which prevents the granting of a summary judgment.

CROSS-APPEALS by the plaintiff and the defendant from an order of the Supreme Court, made at the Schoharie Special Term and entered in the office of the clerk of the county of Rensselaer on the 11th day of February, 1927, granting plaintiff's motion for summary judgment, and also from a judgment entered in said clerk's office on the same day in pursuance of said order.

Plaintiff appeals from said judgment and order on the ground that the judgment includes part only of the relief demanded in the complaint.

*Wesley O. Howard* [*Donald S. Taylor* of counsel], for the plaintiff.

*John J. Scully*, for the defendant.

COCHRANE, P. J. This is an action on an undertaking alleged to have been given to stay execution on an appeal from a judgment. It is alleged in the complaint that on April 10, 1926, a

judgment was recovered in behalf of the plaintiff against one Sapaige for over $10,000; that said Sapaige appealed from the judgment and that " for the purpose of staying execution upon said judgment " an undertaking was executed and filed by the defendant herein and served upon the attorney for the plaintiff; that said judgment was affirmed and judgment of affirmance duly entered; that thereafter plaintiff demanded of defendant herein $10,156.30, the amount of such judgment and costs, and that no part has been paid. Judgment is demanded in the complaint against this defendant for said sum of $10,156.30, with costs. Attached to and made a part of the complaint is a copy of said undertaking which purports to limit liability thereunder to $5,000 and costs.

The defendant in its answer herein denies that said undertaking was given for the purpose of staying execution and alleges that there was no consideration for said undertaking.

In opposition to this motion for summary judgment defendant submitted an affidavit of its attorney as permitted by rule 113 of the Rules of Civil Practice. It may be inferred from this affidavit that the Sapaige judgment was recovered because his car, due to his negligence, had injured plaintiff and that the liability of Sapaige to plaintiff to the extent of $5,000 was covered by a policy of insurance issued by defendant herein to Sapaige. It was stated in the affidavit that the attorney for the plaintiff had been advised of such fact and " that the Insurance Company, the defendant herein, did not wish to stay execution but in order to show its good faith would furnish an undertaking in the amount of its policy, namely, Five Thousand Dollars." It also appears from the affidavit that with the copy of the undertaking sent to the attorney for the plaintiff was a letter of the attorney for the defendant which contained this statement: " This bond is not to stay execution as it is for only $5,000.00 but I am filing it to show that you are secured for this amount."

On the foregoing facts the court at Special Term held that the undertaking had been given to stay execution on the Sapaige judgment pending an appeal therefrom and granted plaintiff a summary judgment for $5,000 and interest and costs, from which defendant appeals, and the plaintiff also appeals because said judgment is for less than his judgment against Sapaige.

Plaintiff relies on the cases of *McElroy* v. *Mumford* (128 N. Y. 303); *Goodwin* v. *Bunzl* (102 id. 224) and *Haskell* v. *Fidelity & Casualty Co.* (118 Misc. 410; affd., 205 App. Div. 858). Those cases are distinguishable from the present. In each of them there was nothing outside the undertaking itself to explain the intent

with which it had been given and hence it was held that although the undertaking was irregular on its face or not in exact conformity to statutory requirements it must nevertheless have been given with intent to stay execution, otherwise it would have served no purpose but would have been an idle ceremony. In the present case not only does the undertaking not conform to the statutory requirements in order to stay execution on appeal, because it purports to limit liability thereunder to one-half the amount necessary therefor, but it also appears that when it was given it was expressly declared that it was " not to stay execution." The theory of the defendant is that under section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639) it was liable to plaintiff to the extent of $5,000 on its policy of insurance to Sapaige on the return unsatisfied of an execution on the Sapaige judgment and that the undertaking was intended as an admission of liability to plaintiff on that policy of insurance and as an assurance that defendant would not contest an action which plaintiff might bring on such policy and that the defendant by giving the undertaking had no intention of increasing its liability over and above that which existed under its policy of insurance. This theory of the defendant is not without support and it is our opinion that in view not only of the irregularities in connection with the undertaking but also of the statements in the opposing affidavit and the letter which accompanied the undertaking it cannot be held as matter of law that the undertaking fulfilled the purpose claimed for it by the plaintiff.

The defense of no consideration under the circumstances presents a triable issue. (*Niles* v. *Seeler*, 240 N. Y. 650; *Donnelly* v. *Bauder*, 217 App. Div. 59.) The general rule is that where there are facts showing an apparent defense leaving a genuine and substantial issue for trial a motion for summary judgment may not be granted. (*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133, 139; *Donnelly* v. *Bauder*, 217 App. Div. 59, 61.) We think, therefore, the summary judgment herein was erroneously granted.

The judgment and order should be reversed on the law, with ten dollars costs and disbursements to defendant, and the motion denied, with ten dollars costs to defendant.

VAN KIRK, HINMAN, MCCANN and DAVIS, JJ., concur.

Judgment and order reversed on the law, with ten dollars costs and disbursements to the defendant, and motion denied, with ten dollars costs to the defendant.