LITTLE FALLS DAIRY CO., INC., Plaintiff, *v.* ARTHUR H. BERGHORN, Defendant.

Supreme Court, Herkimer County, September 10, 1927.

Judgments — summary judgment — action for goods sold and delivered — answer sets up counterclaim only — plaintiff granted partial judgment under Rules of Civil Practice, rule 114, and Civil Practice Act, § 476, for amount of its claim and counterclaim is severed — plaintiff is required to pay into court amount of counterclaim if judgment against defendant is collected.

The plaintiff's cause of action to recover the purchase price of goods sold and delivered is not denied by the defendant. The defendant pleaded a counterclaim only. The plaintiff is entitled to a partial summary judgment under section 476 of the Civil Practice Act and rule 114 of the Rules of Civil Practice upon the pleadings and the affidavits for the amount of its claim against the defendant since the defendant does not dispute the plaintiff's claim.

The counterclaim is severed and will be disposed of in the usual course of practice.

The plaintiff, however, is restrained pending the trial of the counterclaim from assigning or transferring its judgment against the defendant or any of the money payable thereunder to an amount equal to defendant's counterclaim, and the plaintiff is directed to pay into court the amount of the defendant's counterclaim after deducting the amount due it over and above the counterclaim.

MOTION by the plaintiff for partial summary judgment under section 476 of the Civil Practice Act and rule 114 of the Rules of Civil Practice.

*Abram Zoller [Arnold R. Blumberg of counsel]*, for the plaintiff.

*Seymour Bluestone [Willard R. Pratt of counsel]*, for the defendant.

DOWLING, WILLIAM F., J. The plaintiff claims in its complaint that between the 16th day of January, 1927, and the 12th day of February, 1927, both dates inclusive, it sold and delivered to the defendant, at his special instance and request, 1,960 cans of pasteurized, Grade B milk, at the agreed value of $6,146.80; that payments for milk so delivered were to be made by the defendant to the plaintiff weekly for all milk delivered during the previous week; that the defendant paid on account the sum of $700, leaving a balance due and owing the plaintiff of $5,446.80, with interest from the 15th of February, 1927. The defendant in his answer does not deny any of the allegations of the complaint, but sets up a counterclaim against the plaintiff for $3,500, based on a claim

that the plaintiff, under contracts previous to the contract sued upon, failed to deliver the amount of milk agreed to be delivered therein, resulting in damage to the defendant in that amount. The defendant also claims that the amount of his said damages was agreed upon between the parties hereto, and that there was an accord between them, the plaintiff agreeing to pay to the defendant the sum of $3,500. The plaintiff, in its reply to the counterclaim, denies all of the allegations thereof. In the affidavit submitted by the plaintiff on this motion it also denies that any such accord was reached between the parties, and asserts that said counterclaim is without foundation in fact. The moving affidavits do not contain any prayer for the relief sought on this motion. The notice of motion attached to the moving affidavits, however, contains the following: " * * * for an order granting and directing judgment on the pleadings in favor of plaintiff for the relief demanded in its complaint and for such other and further relief as to the Court may seem just and proper, together with the costs of the motion."

Upon the argument of the motion, and in the brief submitted by the plaintiff, its counsel contended that the relief sought is a partial, summary judgment for the amount of $5,446.80, with interest from February 15, 1927, that being the amount concededly due and owing plaintiff from defendant, and that the defendant's counterclaim be severed and tried in due course. The defendant, on the other hand, claims that the plaintiff seeks judgment upon the pleadings which can only be granted under rule 112 of the Rules of Civil Practice. I think, however, that the plaintiff, under the relief sought in the notice of motion herein, comes fairly within the provisions of rule 114 of the Rules of Civil Practice and section 476 of the Civil Practice Act, otherwise moving affidavits would not have been used upon the motion. A motion under rule 112 of the Rules of Civil Practice must be determined on the pleadings only. (*Donnelly* v. *Bauder*, 217 App. Div. 59.) The practice permits in a case like this of an application for and granting of a partial, summary judgment, even if the answer should contain a *bona fide* counterclaim. (*Chelsea Exchange Bank* v. *Munoz*, 202 App. Div. 702; *Wise* v. *Powell*, 216 id. 618; *Donnelly* v. *Bauder*, 217 id. 59; *Dell'Osso* v. *Everett*, 119 Misc. 502; *Miller* v. *Easton*, 126 id. 330.) The case of *Melcher, Inc.*, v. *Graziano* (212 App. Div. 589) is not an authority to the contrary under the facts peculiar to that particular case. I think, under a liberal construction, the language of the counterclaim is broad enough to state a cause of action on an accord. Consequently, the court is obliged to allow it to stand to be disposed of in the usual course of practice.

The defendant does not deny that he is indebted to the plaintiff

in the sum of $5,446.80, with interest from February 15, 1927. No hardship will be imposed upon him, therefore, by compelling him to presently pay what he presently owes. (*Appelbaum* v. *Gross*, 117 Misc. 140.) The plaintiff, therefore, is entitled to presently enter judgment against the defendant for the sum of $5,446.80, with interest from February 15, 1927, with costs to date, and to proceed immediately to the collection thereof, and the action upon the counterclaim is severed, to be continued and disposed of in the usual manner. The plaintiff, however, should be restrained, pending disposition of said counterclaim, from assigning or transferring or otherwise disposing of the said judgment, or of the moneys payable thereunder, or of its interest therein, to an amount equal to the defendant's counterclaim, namely, $3,500, with interest from April 1, 1926.

In the event the defendant shall pay said judgment, in whole or in part, before the disposition of his counterclaim, the plaintiff, after deducting the amount due it over and above the amount claimed by the defendant as owing on said counterclaim, shall deposit the balance thereof in court to the credit of this action, there to await the disposition of said counterclaim and the further order of this court.

Motion is granted, with ten dollars costs to plaintiff. Order and judgment accordingly.