A. GERALD WEINBERG, Respondent, *v.* REUBEN L. GOLDSTEIN, Appellant.

Fourth Department, June 27, 1929.

*Forrest S. Chilton,* for the appellant.

*Goldring, Sherman & Reisman,* for the respondent.

PER CURIAM. Defendant has appealed from an order and summary judgment for plaintiff granted under rule 113 of the Rules of Civil Practice in an action brought by a transferee upon two checks payable to " cash." The complaint is sufficient to admit proof that plaintiff is a holder of the checks in due course, although neither it nor plaintiff's supporting affidavits contain allegations to that effect. The amended answer and defendant's affidavits allege that the only consideration for the checks (called " receipts " by defendant) was a transaction which was illegal under the Eighteenth Amendment of the Constitution of the United States. And defendant's papers further allege, both by inference and directly, that plaintiff took these " receipts," said to be checks, with full knowledge of the entire illegal transaction. The checks being bills of exchange payable on demand — if they were negotiated an unreasonable length of time after their issue, the holder is not deemed a holder in due course, and the checks are subject to the same defenses

as if they were non-negotiable; and after proof tending to establish the defense stated, the burden will rest upon plaintiff to show that he or a preceding holder was a holder in due course. (Neg. Inst. Law, §§ 92, 97, 98, 321; *Karpas* v. *Bandler*, 218 App. Div. 418; *Weiss* v. *Goldberger*, 209 id. 615, appeal dismissed, 239 N. Y. 509; *Moir* v. *Johnson*, 211 App. Div. 427.)

Without intending to express approval of the pleadings and affidavits as models in presenting a controversy of fact, we find such a controversy to have been created, which can be composed only by a trial. Upon the trial the answer, if imperfect, may be amended. (*Curry* v. *Mackenzie*, 239 N. Y. 267, 272; *General Investment Co.* v. *Interborough R. T. Co.*, 235 id. 133; *Gravenhorst* v. *Zimmerman*, 236 id. 22; *Niles* v. *Seeler*, 240 id. 650; *Donnelly* v. *Bauder*, 217 App. Div. 59; *Cardo Drug Co., Inc.*, v. *Chatham & Phenix Nat. Bank*, 209 id. 167; *Stern* v. *O'Boyle*, 217 id. 744.)

A summary judgment should be granted only when it is clear that no real question of fact is presented. (*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133.)

The judgment appealed from should be reversed upon the law, with costs, and the motion for summary judgment denied, with ten dollars costs. The entry of both an order and a judgment was good practice. (*Donnelly* v. *Bauder*, 217 App. Div. 59, 62.)

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment reversed on the law, with costs, and motion for summary judgment denied, with ten dollars costs.