In the Matter of the Estate of JENNIE R. BROOKS, Deceased.

Surrogate's Court, Chenango County, May 23, 1949.

*Lynn N. Peterson* for Luther J. Lull, claimant.

*Irving D. Tillman* for Charles Marvin and another, as executors of Jennie R. Brooks, deceased.

*David F. Lee, Sr.,* special guardian for Neal Root, an infant.

BARNES, S. This claim is based upon a lost or destroyed note alleged to have been made by the decedent in 1941, payable one year from date. The decedent died on December 26, 1947. At some time after the appointment of the executors, the claimant went to the attorney for the claimant in this proceeding and showed him this alleged note. Mr. Peterson testified as a witness that he had this note in his possession and made out a claim against the estate based upon the note. He testified that the handwriting on the face of the note and the signature were different and in his opinion the signature of the maker was that of Jennie Brooks, and he gave a general description of the note. I accept the testimony of Mr. Peterson as absolutely establishing that he saw such a note as he described and that he believed the signature to be that of Jennie Brooks. The claimant testified that after Mr. Peterson had made out the claim against the estate he took the note home and that it was lost or destroyed and that he has been unable to find it since. Other witnesses testified the body of the note was in the handwriting of the claimant. The question to be determined is whether or not, under these circumstances, the claim should be allowed or rejected.

My attention has not been called to any precedent established by the courts for such a situation. Whether the note was negotiable or nonnegotiable might have some bearing upon the legal situation. Section 268 of the Negotiable Instruments Law indicates that the recovery might be had upon a negotiable note which was lost or destroyed. The cases cited under that section shed little light on this situation.

The testimony fails to show that the note was negotiable. (*Donnelly* v. *Bauder,* 217 App. Div. 59.) Where a note is not negotiable, a consideration must be shown. (*Matter of Knauss,* 66 N. Y. S. 2d 828.) As between the original parties this is true in negotiable instruments. (Negotiable Instruments Law, § 54; *Bookstaver* v. *Jayne,* 60 N. Y. 146.)

The courts have said that a claim which has been allowed to remain dormant during the lifetime of an alleged debtor must be established more clearly than a claim which is activated during decedent's lifetime. (*Lyon* v. *Smith,* 142 App. Div. 186.) The real objection to the allowance of this claim is that it is now a

well-known fact that a note may be scientifically examined and the approximate age of the ink may be determined within quite definite limits and the age of the paper may often be determined with absolute definiteness; the genuineness of the decedent's signature may be determined by an examination by handwriting experts and there are many other tests that could be applied to such a note. If these tests are brushed aside, it establishes a precedent whereby a forged note could escape these tests of forgery by being lost or destroyed by the claimant.

I have not overlooked section 333 of the Civil Practice Act. The estate is deprived of an opportunity to make such an examination by the carelessness of the claimant. It cannot be said to be inconsequential. No one ever saw the note before the decedent's death. If it was intended as a testamentary disposition, it fails to meet the requirements of the law.

I am, therefore, disallowing the claim.

Submit order accordingly.