OPINION OF THE COURT
Per Curiam.
Judgment dated April 15, 1991 reversed and the matter remanded for a new trial on plaintiff’s claim of misrepresentation, with $30 costs to abide the event.
In this action, plaintiff psychiatrist seeks recovery for medical services and transportation expenses against the administratrix of decedent’s estate in her representative and individual capacity. The central issue framed for resolution at trial was whether plaintiffs billing practices and acceptance of certain limited reimbursement payments from Medicare barred plaintiff from recovering the balance of his fees from decedent’s estate and sole distributee.
Plaintiff rendered psychiatric services to decedent from 1981 through 1986, comprising 148 office visits on an out-patient basis. During this five-year period of treatment, plaintiff accepted Medicare assignments, limited to $250 annually or a total compensation of $1,250. Plaintiff testified that he accepted no assignments and submitted no bills to Medicare or decedent in excess of this maximum annual allowance, relying upon decedent’s representation that she was impoverished.
Decedent died intestate in December 1986, leaving an estate of approximately $100,000. Following rejection of plaintiffs written claim of $9,850, which plaintiff had presented in August 1988 (148 visits X $75 per visit less $1,250 received), plaintiff commenced the instant action by summons and indorsed complaint in December 1988.
After trial, the court below awarded $312.50 to plaintiff, who now appeals. We reverse and order a new trial.
In our view, the trial court erred in finding that plaintiff, as a provider of medical services, had engaged in the practice of "fragmenting” his bills, circumventing the reasonable charge limitation of Medicare Part B claims (42 USC §§ 1395j-1395w).
Furthermore, the trial court overlooked the gravamen of plaintiffs action, which sounded in misrepresentation (see, Calamari & Perillo, Contracts §§ 9-13, 9-14, at 356-358 [3d ed]). Significantly, restitution may be had for services obtained by *143 an "innocent but material misstatement” as well as a consciously false statement (Restatement, Restitution § 40, comment b; see also, 22 NY Jur 2d, Contracts, § 471). .Here, decedent’s alleged misrepresentation concerning her financial condition and her inability to pay for medical services is actionable (United States v Shanks, 384 F2d 721 [10th Cir 1967]; Matter of Vader, 175 Colo 413, 488 P2d 59 [1971]). We note that claims against an estate must be proven by clear and convincing evidence (Matter of Gorden, 8 NY2d 71, 76; Lyon v Smith, 142 App Div 186).
In light of this disposition, we do not address appellant’s arguments concerning the trial court’s evidentiary rulings.
Parness, J. P., Miller and McCooe, JJ., concur.