## THE MONTANA.    (Two. Cases.)[1]

*(Circuit Court, E. D. New York.    August 21, 1884.)*

**PRACTICE—AMENDMENT OF PLEADING—NEW ALLEGATIONS—APPEARANCE—ADMISSION OF JURISDICTION—APPEAL.**

After the decision of these cases on the merits, (see *ante*, 715,) a motion was made in the circuit court by the respondent for leave to amend its answers so as to qualify its appearance in these actions, and its admission of the jurisdiction of the federal courts, and to set up and prove a law of Great Britain alleged to be applicable to the cases, by which the liability of the respondent for the losses would be limited. Rule 4 of the circuit court provides that an appeal shall "state whether it is intended, on the appeal, to make new allegations, to pray different relief, or to seek a new decision on the facts, and the appellants shall be concluded in this behalf, by the appeal filed." The petition of appeal in these cases stated that the respondent, on the appeal, intended "to have the cause heard anew on the pleadings and proofs in the district court, and other proofs to be introduced in the circuit court." *Held*, that the respondent was concluded from making new allegations in the circuit court on the appeal; that, having appeared unreservedly and admitted the jurisdiction of the district court, the respondent could not, in the circuit court, be permitted to change that to a qualified appearance and admission.

In Admiralty.

*Butler, Stillman & Hubbard,* for libelants.

*Beebe & Wilcox,* for claimants.

BLATCHFORD, Justice. In the decision rendered by this court in these cases it was said *ante*, 728:

"It is urged, however, that the contract here was to be chiefly performed on board of a British vessel, and to be finally completed in Great Britain, and the damage occurred in Great Britain, and that the law of Great Britain, which is asserted to be different from the law here, is applicable to the case. As to this suggestion, it is sufficient to say that the answers expressly admit the jurisdiction of the district court asserted in the libels, and that it is not set up in the answers that the law of Great Britain, or any other law than that of the forum, is applicable to the case, nor is the law of Great Britain, if it be different, proved as a fact. The case must be decided according to the law of the federal courts, as a question of general commercial law. Aside from this, it may be said that there was nothing in these contracts of affreightment to indicate any contracting in view of any other law than the recognized law of such forum in the United States as should have cognizance of suits on the contracts."

In the decision rendered by the district judge he remarked (17 FED. REP. 379): "It is said, in behalf of the defendants, that their liability upon these bills of lading must be determined by the laws of England. But the undisputed facts show that there is no ground for such a contention." The respondent now moves, in these cases, "for leave to amend the answers herein in the particulars mentioned and shown in the proposed amended answers hereto annexed, and for leave to prove the law of Great Britain, as therein prayed, and for such

[1] Reported by R. D. & Wyllys Benedict, of the New York bar.

other and further relief as may be just." The motion is made before decrees are signed. The allegations of the original answers, which are proposed to be amended, are these:

"*First.* That the said the Liverpool & Great Western Steam Company, Limited, has duly appeared herein. * * * *Tenth.* The respondent denies each and every allegation contained in the ninth article of the libel, except as herein admitted, and except that it admits the jurisdiction of this honorable court."

The ninth article of the libel in each case was this:

"*Ninth.* All and singular the premises are true, and within the admiralty and maritime jurisdiction of this honorable court."

The answers, if amended as proposed, are to contain the following allegations, the parts not found in the original answers being in italics:

"First. That the said the Liverpool & Great Western Steam Company, Limited, has duly appeared herein, *but without prejudice to its right to rely upon the hereinafter mentioned law of Great Britain as a ground of defense to the said libel.* * * * Tenth. The respondent denies each and every allegation contained in the ninth article of the libel, except as herein admitted, and except that it admits the jurisdiction of this honorable court, *without prejudice, however, to its right to rely upon the hereinafter mentioned law of Great Britain as a ground of defense to the said libel.* * * * *Fifteenth. The respondent, further answering, says that the said steamer, at the time of the said accident, was sailing under the flag of Great Britain. Sixteenth. That the law of Great Britain, at all the times mentioned in the said libel, enabled ship-owners, by express contract, to exempt themselves from liability for the consequences of any damages or injury to goods transported on their ships, howsoever the same might have been caused, whether arising from negligence, default, or error in judgment of the master, mariners, engineers, or others of the crew, or otherwise. Seventeenth. That by the contracts for the transportation or carriage of the goods claimed to have been lost or damaged by the libelant, the respondent had expressly, and in conformity with the said law, exempted itself from any liability whatsoever. Eighteenth. That the said contracts were subject to and governed by this said law.*"

The affidavit of the proctor for the respondent, on which the motion is based, says, "that the respondent contends that the question of its liability is governed by and should be decided under the law of Great Britain; that by the said law the respondent would be exempt from liability to the libelants in those actions; that no proof of the said law has been made, it having been understood by deponent that the same was recognized by the libelants, and formal proof thereof would not to be required by them; that the question was argued, and reference and allusion made to the books of statutes and reports of decisions of Great Britain, without objections on the part of libelants in the district court; that the libelants, in their brief of argument before this court, expressly admit that such is the law of Great Britain, in the following words, viz.: ' and in the English courts, which uphold to the fullest extent the carrier's right to limit his liability, and which seem to recognize some special reason in favor of

the privilege of exemption as applicable to the owners of vessels or steam-ships, as contradistinguished from land carriers;' that never-theless the libelants made the point in this court, and for the first time, that the proof had not been made; that the court in its said decision has recognized this point, and held the same well taken; that great injustice may result to the respondent from this technicality, and it therefore prays that it may be permitted to amend its answers in the said actions, so that they will aver the existence of the said law and its applicability to these actions; that grave questions and doubts exist as to the power of the courts of the United States to decide the questions involved in these actions without a reference to the said law; that the issues to decide this question, under the view taken by this court, are not properly raised by the answers of the respondent, it having appeared unreservedly, and admitted therein the jurisdiction of the district court; that jurisdiction was obtained by the district court in these cases by process *in personam*, with clause of foreign attachment, under which property of the respondent was seized, and the respondent appeared in consequence thereof; and that it was not intended by such appearance, or by the admission of the jurisdiction of the court, to waive its right to rely upon the said law as a ground of defense. It therefore prays that it also be permitted to amend its answers, so that they will qualify the appearance and admission of jurisdiction in this particular," and "that it may be permitted to prove in this court the said law of Great Britain, and for such other relief as may be just."

The libelants oppose this motion. Rule 24 of the rules in admiralty prescribed by the supreme court applies to and covers only amendments of informations and libels. Rule 51 of those rules applies only to amending a libel. By rule 46 the circuit court has power in cases not provided for to regulate its practice in such manner as it shall deem most expedient for the due administration of justice in suits in admiralty. Rule 52 contemplates that there shall be a "prayer for an appeal" in the district court, and that such paper shall form a part of the record to be transmitted to the circuit court on appeal. This court has promulgated rules in regard to appeals in admiralty as follows:

"Rule 3. Every appeal to the circuit court, in a cause of admiralty and maritime jurisdiction, shall be in writing, signed by the party, or his proctor, and delivered to the clerk of the district court from the decree of which the appeal shall be made; and it shall be returned to the court, with the necessary documents and proceedings, within twenty days, and by the first day of the next term after the delivery thereof to the clerk, unless a longer time is allowed by the judge.

"Rule 4. The appeal shall briefly state the prayers, or allegations, of the parties to the suit, in the district court, the proceedings in that court, and the decree, with the time of rendering the same. It shall also state whether it is intended, on the appeal, to make new allegations, to pray different relief, or to seek a new decision on the facts, and the appellants shall be concluded in this behalf, by the appeal filed."

The final decrees of the district court in these cases were filed and entered February 19, 1884. On the twenty-ninth of February, 1884, a notice of appeal by the respondent was filed in the district court in each case. On the sixth of May, 1884, a petition of appeal in each case was filed in the district court. The petition complies with rule 4 of this court, and says: "and on the said appeal it intends to have the said cause heard anew on the pleadings and proofs in the district court, and other proofs to be introduced in the said circuit court." The petitions of appeal do not state that the appellants intend to make new allegations in this court on the appeals. They are, therefore, concluded in that behalf by the appeals filed. The respondent, having stated in its answer that it had duly appeared in each suit, cannot be permitted now to state that it made a qualified appearance. It does not appear that it made a qualified appearance, or other than an absolute appearance. The respondent having admitted in its answers the jurisdiction of the district court, cannot be permitted now to change that admission to a qualified admission. The making of these allegations in the answers was not influenced by anything but the facts of the case as then before the respondent. There was no mistake or misapprehension of fact, and there is no suggestion that the respondent did not know then all it knows now in regard to the facts of the case. The allegations that the steamer was sailing under the British flag, and that the contracts purported to exempt the respondent from liability, and as to what the law of Great Britain was, are allegations of facts known to the respondent when the answers were filed. The allegation that the contracts were subject to and governed by the law of Great Britain, as an allegation of fact or law, does not set up anything newly discovered; and if it is intended to set up a new defense beyond any set up before, it is such a new allegation as rule 4 of this court, as to appeals, was intended to cut off, unless the petition of appeal should state an intention to make new allegations in this court. That rule is a reasonable one, and is calculated to promote the due administration of justice in suits in admiralty. The motion is denied.