Israel H. Johnson, Jr., and Joshua R. Johnson, Jr., trading as Israel H. Johnson, Jr., & Co., Appellants, *v.* Cephas R. Carver and George W. Swift, trading as Carver & Swift.

*Practice, C. P.—Affidavit of defense—Judgment for portion of claim admitted—Condition upon order for judgment.*

In entering judgment for a portion of a claim admitted to be due by the affidavit of defense, the court made an order imposing as a condition of the entry of judgment that the plaintiffs should deliver to defendants certain patterns and drawings. No reference was made to the patterns or drawings in the affidavit of defense. The order was put on record on June 22, 1895, but no exception was taken. On September 9, following, at plaintiffs' request, the order was modified so as to read: "Order of

June 15, 1895 for judgment, amended so that plans etc. be delivered without prejudice, and be produced by defendant at time of trial." Two months after this plaintiffs excepted to the original order, and took an appeal. *Held*, that the judgment should be affirmed, the appeal being without merit, as the obvious inference from plaintiffs' conduct was that the first order was consented to as promotive of justice between the parties.

*Practice, C. P.—Affidavit of defense—Act of May* 31, 1893—*Authority of court extended by consent.*

It seems that in the above case, as there was no mention made of the patterns and drawings in the affidavit of defense, the court had no authority under the act of May 31, 1893, P. L. 185, to do other than enter judgment for the amount admitted to be due. The authority of the court may however be extended, either by the express or tacit consent of counsel at bar so that the decree shall protect conceded rights not averred of record.

Argued March 31, 1896.    Appeal, No. 108, Jan. T., 1896, by plaintiffs, from order of C. P. No. 3, Phila. Co., March T., 1895, No. 497, entering judgment for plaintiffs, with imposed condition. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for work and labor done.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of the Supreme Court.

The court made the order recited at length in the opinion of the Supreme Court.

*Error assigned* was above order.

*Hood Gilpin*, *Bernard Gilpin* with him, for appellants, cited, act of May 31, 1893, P. L. 185.

*Joseph Savidge*, for appellees, cited, Glass v. Rauwolf, 172 Pa. 655.

OPINION BY MR. JUSTICE DEAN, April 27, 1896:

The plaintiffs brought suit to recover from defendants the sum of $3,946.10, with interest from March 26, 1895. The claim was for work done and material furnished by plaintiffs in the manufacture of printing and embossing presses for defendants, the patterns and plans for the work being furnished by defendants, and were in plaintiffs' possession when suit was brought.

The defendants filed an affidavit of defense, in which they averred the claim was unjust and excessive, especially a charge for 6423¼ hours of work at 50 cents per hour—$3,211.63— upon six embossing presses. It was averred it was a physical impossibility to do that amount of work upon this number of presses between the dates covered by the charges. A balance unpaid of $1,092.47 was admitted by defendants. On May 11, 1895, a rule for judgment for amount admitted was taken by plaintiffs, which was made absolute upon condition as follows:

"And now, to wit, June 15, 1891, it is ordered that judgment be entered in above entitled case in favor of plaintiffs and against defendants for the sum of ten hundred and ninety-two dollars and forty-seven cents ($1,092.47), the amount admitted to be due, upon condition that the plaintiff deliver to defendants the following patterns and drawings, to-wit:

"All patterns furnished by defendants to plaintiffs or made or altered by them for the construction and erection of the embossing press of defendants, also all drawings of said press furnished by defendants or made by plaintiffs, and especially the drawings charged in the plaintiffs' statement under date of February 25, 1895.

"Also complete set of patterns for printing press known as the Johnston Press, delivered to the plaintiffs at the time the patterns for the embossing press were delivered by defendants.

"And that execution be stayed upon said judgment until said patterns and drawings are returned and delivered to the defendants."

Error is assigned by appellants to this judgment, on the ground that the court exceeded its authority in imposing the condition.

The act authorizing judgment for an amount admitted to be owing is that of May 31, 1893, the first section of which is as follows:

"Be it enacted, etc., That in all cases now pending, or hereafter to be commenced, in the several courts of this commonwealth in which affidavits of defense have been or may be filed to part of the claim of the plaintiff or plaintiffs, the plaintiff or plaintiffs may take judgment for the amount admitted to be due and have execution for the collection of the same, and the cases shall be proceeded in for the recovery of the balance of

the demand of the plaintiff or plaintiffs, if anything more should be justly due to such plaintiff or plaintiffs."

Clearly, without more than appears in the act and in these record pleadings, there is no authority in the court to do other than enter judgment for the amount admitted to be due, and award execution for the same. If the affidavit of defense, in addition to the averments set out in it, had also further stated that plaintiffs had in their possession patterns and plans belonging to defendants, which they had neglected or refused to return, the equitable powers of the court in assumpsit, which is an equitable action, and the powers of the court over execution on its own judgments, would have warranted, without question, the supplementary condition.

In this action, anything may be given in evidence which shows that plaintiffs, in equity and good conscience, ought not to recover. If plaintiffs retained defendants' patterns and plans, they could not recover the balance of money admitted to be due upon the work, and it follows they had no right to execution. But as noted, this does not appear in the affidavit. Nevertheless, we are well aware that at oral hearings which precede statutory judgments the authority of the court, either by the express or tacit consent of counsel at bar, is extended so that the decree shall protect conceded rights not always averred of record. This written order was put of record June 22, 1895. No exception was taken; then on September 9 following, plaintiffs' counsel moved for a modification of the order in their favor, so that it should read, "Order of June 15, 1895, for judgment amended so that plans, etc. be delivered without prejudice and be produced by defendants at time of trial." That is, the delivery should be without prejudice to plaintiffs, and on the further condition that defendants should produce them at the trial. Then, after more than two months further reflection, plaintiffs concluded to except to the order because the imposition of the condition was not authorized by the statute, and we have this appeal.

No exception to the order, so far as the record shows, was taken on the 15th of June, when it was announced; none on the 22d, when it was filed; then, on the 9th of September following, the court is asked to modify it in favor of plaintiffs, which was done; then, months after, it is excepted to. The

obvious inference is, that the first order was consented to as promotive of justice between the parties ; if it had been objected to, we are bound to presume the court would not have exceeded its jurisdiction; or, if the decree had been inadvertently entered, would have vacated it. Then the motion to amend was calculated to still further mislead the court. If the first decree was erroneous for want of statutory authority, why did plaintiffs not at once take advantage of the error by appeal? Why ask for and accept a benefit under what is now alleged to have been a void decree?

Counsel should at the time have enlightened the court by protest or objection. Under the circumstances, we are of the opinion the appeal is without merit; therefore the judgment is affirmed.