### 10327

### MALLOY v. DOUGLASS.

#### (101 S. E. 825.)

JUDGMENT—ORDER TO SATISFY PART OF CLAIM ADMITTED NOT A FINAL JUDGMENT AS TO ALL MATTERS.—Under Code Civ. Proc. 1912, sec. 303, providing that, when answer admits part of plaintiff's claim, the Court on motion may order defendant to satisfy such part of the claim, and enforce the order as a judgment or provisional remedy, the taking of such an order, by plaintiff did not make the order a final judgment as to all the matters set forth in the case, and preclude further inquiry as to issues set up in the pleadings, so that plaintiff subsequently could move to be allowed to reply to the answer and counterclaim.

Before MOORE, J., Chesterfield, Spring term, 1919. Reversed with leave to plaintiff to apply for leave to reply to the answer.

Action by Edwin Malloy against D. A. Douglass. From a judgment for plaintiff for the part of the claim admitted by the answer, he appeals.

*Messrs. Stevenson & Prince,* for appellant, submit: *That the order of Judge Bowman for judgment admitted to be due in the answer was not a final adjudication of the issues in the cause, and was granted under the statute allowing judgment for an amount admitted to be and necessarily by implication reserving unto defendant, the right to litigate the balance of his claim:* Code of Procedure 1912, section 303. *Judgment cannot be obtained upon a counterclaim without proof thereof:* 92 S. C. 371; 100 S. C. 59. *The alleged counterclaim is not a counterclaim, but a mere set-off upon which the defendant could not obtain affirmative relief against the plaintiff, it being necessary for him to admit plaintiff's claim as a basis of his own which was of a lesser amount:* R. C. L. 24, 792; 142 N. Y. 236; 37 N. E. 1; 25 L. R. A. 67; 103 Ind. 152. *Where a defendant voluntarily goes to trial without taking advantage of the plaintiff's failure to reply to his counterclaim, the failure will be con-*

*sidered as waived:* 24 R. C. L. 878; 144 U. S. 434; 122 Ark. 189; 3 N. D. 107; 123 Wis. 1. *It was an abuse of discretion in not allowing the plaintiff to reply to defendant's alleged counterclaim, as no judgment had been ever taken thereon as against the plaintiff:* Code of Civil Procedure, sec. 225.

*Mr. G. K. Laney,* for respondent.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on a promissory note for $824.75 and counsel fees. The note was given for fertilizers. The defendant was in default, but was allowed to answer. The defendant then answered admitting the execution of the note, but denied that it contained a provision for counsel fees and alleged, by way of counterclaim, that the fertilizer did not contain the ingredients guaranteed, and that by reason of this failure to contain the proper ingredients his crop of cotton and corn was short $606, and asked judgment against the plaintiff therefor.

Under the last provision of section 303 of the Code of Civil Procedure, the plaintiff gave notice of a motion and secured an order for judgment for the sum of $265.50, as the sum admitted to be due by the answer. The parties seemed to have treated the alleged defect in the fertilizer as a defense, rather than a counterclaim. When the case was called for trial on the disputed amount, the plaintiff moved to be allowed to reply to the counterclaim. This motion was refused by the presiding Judge, who held that the order for judgment for the undisputed amount was a final determination of the case, and he had no power to grant the motion. The statute reads:

"When the answer of the defendant expressly, or by not denying, admits part of the plaintiff's claim to be just, the

Court, on motion, may order such defendant to satisfy that part of the claim and may enforce the order as it enforces a judgment or a provisional remedy."

The question is: Does the taking of that order make the order a final judgment as to all the matters set forth in the case, and preclude any further inquiry as to the issues set up in the pleadings? We think it does not. If such an order is a final disposition of the whole case, then the statute has no meaning because, without the statute, a plaintiff is entitled to judgment for what is admitted to be due. Without the statute, if a plaintiff brought his action for $1,000 and the defendant admitted an original debt of $1,000, but claimed a discount of $100, then the plaintiff could not get any portion of the amount admitted to be due to him, until the issue was settled by a final judgment. A debtor, by raising some fictitious question, for even a small amount, might entirely defeat a just claim, by disposing of his property, while awaiting the trial of the case. If there was no law to provide for prompt relief for admitted demands, there should be. Of course, it is the province of the legislature, and not the Courts, to make the law. The legislature has made the law, and the Courts should enforce it. The evil is very great, but the remedy is clear

It will be observed that the statute does not say that the plaintiff may have judgment for the admitted sum, but "The Court, on motion, may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy."

The legislature avoided, and it must be presumed intentionally avoided, the word "judgment," lest its meaning should be misunderstood. It provides a personal order to the defendant to satisfy a debt which he admits, and in addition allows execution against his property, or any other way of satisfying a debt provided by the law.

The judgment is reversed, with leave to the plaintiff to move the Court of Common Pleas, at Chesterfield county, for leave to reply.