12439

PHENIX FURNITURE COMPANY v. DAGGETT

(143 S. E., 220)

1. JUDGMENT—WHERE PLAINTIFF MOVED FOR JUDGMENT AGAINST DEFENDANT FOR AMOUNT DEFENDANT ADMITTED TO BE DUE, COURT PROPERLY MADE STATUTORY ORDER DIRECTING DEFENDANT TO PAY AMOUNT (CODE CIV. PROC. 1922, § 524).—Where plaintiff moved for judgment against defendant for amount admitted by defendant to be due plaintiff and defendant appeared and opposed motion on ground that plaintiff's remedy was not motion for judgment but motion for an order directing defendant to pay such amount, Court properly made order directing defendant to pay such amount, under Code Civ. Proc. 1922, § 524, even though motion for judgment was not technically correct, since defendant was not misled or taken by surprise.

2. JUDGMENT—STATUTE RELATING TO DIRECTING DEFENDANT TO SATISFY PART OF CLAIM ADMITTED APPLIES WHERE DEFENDANT OFFERS TO PAY SUM ADMITTED IN FULL SATISFACTION (CODE CIV. PROC. 1922,

§ 524).—Code Civ. Proc. 1922, § 524, providing that, "When the answer of the defendant expressly, or by not denying, admits part of the plaintiff's claim to be just, the Court on motion may order such defendant to satisfy that part of the claim," *held* to apply where defendant alleges that he offers to pay certain sum in full satisfaction of plaintiff's demand, although that sum was less than amount claimed.

3. SALES—WHETHER BUYER OWED SELLER AMOUNT BUYER CLAIMED OR AMOUNT SELLER CLAIMED FOR GOODS SOLD HELD FOR JURY.—Whether buyer owed seller $245.00, claimed by seller, or $165.00, claimed by buyer, as purchase price of refrigeration equipment sold, which involved determination of question as to what was contract under which goods were purchased, was question for jury.

4. PLEADING—INDIRECT DENIAL OF PLAINTIFF'S OWNERSHIP OF ACCOUNT BY ASSIGNMENT HELD SHAM AND FRIVOLOUS, WHERE DEFENDANT PLEADED HE OFFERED TO PAY PLAINTIFF CERTAIN SUM IN SETTLEMENT.—Defendant's indirect denial of plaintiff's ownership of account by assignment from B. must be regarded as sham and frivolous, where defendant pleaded that he offered to pay plaintiff certain sum in full settlement, and that B. was owner of majority of stock of plaintiff corporation, and that corporation had full knowledge at all times of facts relied on in defendant's answer.

Before SHIPP, J., Georgetown, June, 1927. Affirmed.

Action by the Phenix Furniture Company against T. S. Daggett. From an order directing defendant to pay the amount admitted by him to be due plaintiff, defendant appeals.

*Messrs. Barr & Smith,* for appellant, cite: *Relief other than that specifically prayed for cannot be granted, except where there is a prayer for general relief:* 31 Cyc., 663. *Order of judgment error here:* Sec. 524, Code Proc.; 113 S. C., 384. *Distinguished:* 19 S. C., 451. *As to setting aside answer on the ground that it was frivolous:* 115 S. C., 523.

*Messrs. Spears & Want,* for respondent, cite: *As to raising of issues:* 130 S. C., 404; 138 S. E., 341. *Judgment for sum admitted due:* Sec. 524, Code Proc.; 113 S. C., 384. *Intent of legislative enactment that technical inaccuracy in pleading not to be subject of appeal or to delay trial of*

*case:* Secs. 420, 432, 433, 439, Code Proc. *As to striking out answer on grounds of frivolity:* 115 S. C., 253.

April 30, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On May 6, 1927, the plaintiff brought this action against the defendant to recover the sum of $245.00, alleged in the complaint to be the purchase price of certain refrigeration equipment sold, under an express agreement, to the defendant by one F. M. Brickman, trading as Phenix Furniture Store. The complaint further alleged that the defendant accepted and received the equipment and that the same was installed upon his premises, but that he failed to comply with his agreement; that later Brickman, for value, assigned the cause of action to the plaintiff, a corporation, which is now the owner of the account; and that the defendant failed and refused, although demand was made upon him, to pay the purchase price of $245.00, but offered to pay to the plaintiff the sum of $165.00 in full settlement of the obligation.

The defendant admits the purchase of the refrigeration equipment from Brickman, trading as Phenix Furniture Store, but alleges that he made such purchase at the request and solicitation of Brickman and with the distinct understanding that he should pay therefor the sum of $165.00 as the full purchase price of same, provided he would allow the use of his name in advertisements to be placed in certain local newspapers in the City of Georgetown, which Brickman desired in order to advertise the refrigeration system and thereby increase the sales in the city; that this agreement was carried into effect, and that in pursuance of same Brickman used the defendant's name in certain advertisements as the satisfied owner of the said electric refrigeration system, and received the benefit from the use of defendant's name in such manner; that, if the plaintiff in this

action has acquired the rights of Brickman the said Brick-man, on information and belief, is the owner of at least a majority of the stock in the corporation, which has always had full and complete notice of the facts and circumstances of the transaction as alleged by the defendant; that the defendant has offered to pay both Brickman and the plaintiff, and still offers to pay the sum of $165.00 in full settlement and payment for the equipment as agreed upon.

On May 31, 1927, the plaintiff served the defendant with notice that it would move before his Honor, Judge Shipp, for judgment against the defendant in the sum of $165.00 as the amount admitted by the defendant to be due to the plaintiff or as to which the denials on the part of the defendant were sham, frivolous, and irrelevant, such judgment to be without prejudice to the trial of the issues as to the balance of the plaintiff's claim. The defendant appeared and opposed the motion on the ground that the plaintiff's remedy was a motion, not *for judgment* for the amount admitted to be due, but *for an order* directing the defendant to pay such amount. The Court, considering the question as presented to be governed by the last subdivision of Section 524 of the Code of Procedure, issued an order requiring the defendant to pay the plaintiff the sum of $165.00 within ten days from the service of a copy of the order upon him, and directing the cause, as to the remainder of the plaintiff's claim, to be docketed on Calendar 1 for trial by jury.

From this order the defendant appeals and imputes error to the Court in two particulars: (1) In granting relief beyond the scope of the motion without notice to the opposing party in the litigation; and (2) in granting an order requiring the defendant to pay a certain sum of money within a given time, when the sole question was the construction of a contract of sale between the parties.

The last subdivision of Section 524 of the Code of Procedure of 1922 provides:

"When the answer of the defendant expressly, or by not denying, admits part of the plaintiff's claim to be just, the Court on motion may order such defendant to satisfy that part of the claim and may enforce the order as it enforces a judgment or provisional remedy."

As to the first assignment of error, it must be admitted that, in cases falling under this provision of the statute, the proper motion is for an order requiring the defendant to satisfy the admitted or undenied part of the claim, and not a motion for judgment for such amount. The appellant contends that while the distinction between a judgment and a personal order requiring payment may appear to be technical, yet the principle involved is of much importance; that if the Court in the present case could go beyond the relief asked for in the motion papers, an adverse party may be subjected to surprise on any motion which may be noticed before a Circuit Judge.

Judge Shipp in his order, in passing upon this question, said:

"The reasonable intendment of a motion for judgment unquestionably includes such relief as is requisite to require the defendant to pay the admitted portion of the plaintiff's claim. There can be no element of surprise in so viewing the motion, for the defendant's resistance of the motion is on the ground stated, and I think that an appropriate order within the terms of the statute above referred to can be properly made on the motion before the Court."

We think that the Circuit Judge was correct in this holding. It does not appear that the appellant was misled or taken by surprise, as he clearly understood the purpose of the motion to be to require him to make payment of that part of the respondent's claim admitted or undenied; and while the motion for judgment, as we have indicated, was not technically correct, the Court, under the motion, could

and did make a proper order within the terms of the Statute. There was no error as complained of, and the exceptions raising this point are overruled.

As to the second assignment of error, the appellant urges that the section of the Code which we have quoted above was never intended to cover cases such as the present case, where the defendant alleges that he offered to pay a certain sum *in full satisfaction* of the plaintiff's demand, although that sum was less than the amount claimed; and that the amount here admitted by the defendant to be due and owing the plaintiff is admitted *only* if accepted in full satisfaction of plaintiff's claim. He contends that the question at issue is as to the purchase price of the refrigeration equipment, whether such sale was for $245 as claimed by the plaintiff, or $165 as claimed by the defendant; and that the order here granted decides this controverted issue and denies to the defendant the right of trial of that issue by jury.

We do not agree with this contention. In all cases where an action is brought and the plaintiff claims a certain stated amount as due and owing him by the defendant, and the defendant answers and admits, or does not deny, that he owes the plaintiff a smaller amount than claimed, it must be taken to mean, from defendant's viewpoint, that such amount, admitted or undenied, is pleaded by him in full satisfaction of the debt.

In the present case, the respondent pleads that appellant owes it $245 for goods purchased and for which the appellant agreed to pay that sum; the appellant admits that he purchased the goods, but claims that he agreed to pay only $165 for same, which sum he admits he now owes the respondent and stands ready to pay if the respondent will accept it in full settlement of the debt. He construes his answer as admitting the indebtedness of $165 on condition that the respondent admits that to be the correct amount and accepts same in full payment of its claim, but as otherwise

admitting no indebtedness whatever. Now, it is clear that the appellant admits or does not admit that he owes the respondent $165. He may not say that he owes that amount, and then deny his own statement by saying that he does not owe it unless the respondent will accept same as payment in full.

Further, it is clear that the payment of the $165 which the appellant admits owing the respondent, does not in any way decide the controverted issue between the parties. That issue is whether the appellant owes the respondent, as claimed by the respondent and denied by the appellant, the difference between $165 and $245, which issue involves the determination of the question as to what was the contract under which the goods were purchased. This question, as properly held by the Circuit Judge, should be submitted to a jury.

The statute providing for the payment of that part of a debt admitted or undenied as owing by one party to another is a just and salutary one, and the case at bar clearly falls within its provisions. See *Malloy v. Douglass,* 113 S. C., 384; 101 S. E., 825.

An indirect denial of the respondent's ownership of the account by assignment from Brickman may be inferred from the appellant's second defense; but it is only necessary to say that, from the plea of the appellant that he offered to pay the respondent the sum of $165.00 in full settlement of the indebtedness, that Brickman is the owner of the majority of the stock of the respondent corporation, and that the company had full knowledge at all times of the facts relied upon in the appellant's answer, taken with the affidavit of Brickman, filed with the motion made by the respondent, to the effect that he owned the majority of the stock of the respondent corporation, to which no countershowing was made, it is clear that such indirect denial by the appellant, if it may be construed as such, must be regarded as sham and frivolous. The excep-

tions alleging this assignment of error must be overruled.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.