## GALVESTON DRY DOCK & CONSTRUCTION CO. v. STANDARD DREDGING CO.

### No. 295.

Circuit Court of Appeals, Second Circuit.

April 7, 1930.

Bigham, Englar, Jones & Houston, of New York City (W. J. Nunnally, Jr., of New York City, of counsel), for appellant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Ray Rood Allen and Adrian J. O'Kane, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The libellant sued in personam for a bill of repairs done upon the respondent's dredge in the sum of $26,000. The respondent answered, admitting the execution of the contract, denying that the repairs required the time alleged to have been taken, but neither denying nor admitting that they were performed at all. It denied that twenty-six thousand dollars was due, but admitted that the libellant was entitled to a lien upon the dredge for seven thousand dollars, which was the difference between the amount demanded and the respondent's damages for delay in

completing the repairs, and which it had unsuccessfully tendered to the libellant in satisfaction. As a set-off it pleaded that the libellant had negligently allowed the dredge to stick on the ways for over eleven days, the damages for this delay being the set-off. On motion by the libellant the court passed an order for a partial final decree for seven thousand dollars, and severed the cause of suit as to the balance. Such a final decree was then entered, but later amended so as to provide that it should be without prejudice to further prosecution of the libel. Thereafter the respondent paid the amount awarded, and filed a supplemental answer, alleging that the partial final decree was res judicata upon the whole claim, and the payment an accord and satisfaction. The cause came on for hearing and the libellant admitted that the dredge had stuck upon the ways, and had lost some time. It denied the rate per diem demanded by the respondent and the length of the delay. The court thereupon held that the answer stated no defense, and entered an interlocutory decree for a reference to compute damages. The respondent appealed.

Rule twenty-nine of the Admiralty Rules of the Southern District of New York, which has been in force since June 1, 1921, reads as follows:

"In case the respondent or claimant in his answer does not deny that the libellant is entitled to recover in respect of a part of the claim set forth in the libel and does not claim any recoupment, offset, or counterclaim in respect of said part admitted to be due, the Court may, upon motion, make an order of severance and enter a final decree for any sum so admitted to be due; all without prejudice to the further prosecution of the cause with respect to contested matters."

The rule is carelessly drawn, because it appears to treat as identical a failure to deny an allegation of the libel and its admission, as though the common-law doctrine applied to the admiralty. The Twenty-Ninth Admiralty Rule of the Supreme Court (28 USCA § 723) which has been in substance unchanged since 1844 (3 How. XV, Rule 30), does not so provide, but requires the libellant to except if the respondent does not answer fully, in which case the court compels a full answer, or takes such other steps as justice requires. Probably as under the earlier rule, the court may declare the allegations not denied to be taken pro confesso, but without some action of the court it appears to be still true that a failure to deny an allegation in a libel does not admit

it (Clarke v. The Dodge Healey, Fed. Cas. No. 2849; The Dictator [D. C.] 30 F. 699). Our obiter statement to the contrary in The Hattie Thomas (C. C. A.) 262 F. 943, 945, was based upon a New York decision, which in such matters does not control. However, this defect in the pleadings need not trouble us, because the answer at bar expressly admitted the validity of a lien upon the dredge so far as the set-off did not meet it, which necessarily presupposed that the repairs were actually made. Thus the Twenty-Ninth Rule of the Southern District applies to the situation provided the phrase, "a part admitted to be due," allows the splitting of a single cause of suit. The respondent says that it does not; that at most it covers only a case where the libel joins two separable causes of suit, of which one is admitted and the other is denied, or is subject to a set-off or counterclaim. This is the main question raised.

While it is doubtful, because of the difference in language, that the rule was taken from Rule four of Order XIV of the Orders of the English Supreme Court of Judicature, the purpose was clearly the same, and it is reasonable to construe it as that rule has been construed, as well as Rule 114 of the Rules of the New York Supreme Court, which was taken from the English model without change of substance. So far as we can find in neither case has it been thought necessary that the severance must be of separate causes of action, recognized as such at common law. Dennis v. Seymour, L. R. 4 Ex Div. 80; Lazarus v. Smith, L. R., [1908] 2 K. B. 266; Appelbaum v. Gross, 117 Misc. Rep. 140, 191 N. Y. S. 710, affirmed 202 App. Div. 727, 193 N. Y. S. 924; Reliable, etc., Co. v. Delgus, 223 App. Div. 94, 227 N. Y. S. 425; Little Falls Dairy Co. v. Berghorn, 130 Misc. Rep. 454, 224 N. Y. S. 34. Elsewhere similar statutes have had a like construction (Malloy v. Douglass, 113 S. C. 384, 101 S. E. 825; Stedman v. Poterie, 139 Pa. 100, 21 A. 219; Johnson v. Carver, 175 Pa. 200, 34 A. 627; Weaver v. Carnahan, 37 Ohio St. 363, 365, semble), and while for a short time the Court of Appeals of the District of Columbia thought the partial judgment a merger (Overland, etc., Co. v. Alexander, 43 App. D. C. 282), the ruling was in substance soon repudiated (Fidelity Mut. Ins. Co. v. Brown, 45 App. D. C. 579).

We can see no reason for importing such notions into a remediable provision of this kind, whose purpose must commend itself to every one. The doctrine of the common law which forbade splitting a single cause

of action was to prevent multiplicity of suits, and to that end the first judgment merged the whole claim and further actions became impossible. It has no application to a situation in which both decrees are in the same suit; to a procedural change aimed at no more than giving the libellant, at an earlier stage in the litigation than he would otherwise get it, money to which he was presently entitled and which the decree must award him in the end. To import into the situation at bar the doctrine of merger would ignore its own foundation, and mutilate the purpose of the amended practice. We hold that the rule allows an immediate decree for any amount which on the pleadings appears to be presently due, regardless of whether this gives the libellant a partial recovery on a single cause of suit. Indeed, Judge Pardee more than forty years ago, quite independently of any rule, passed a similar decree (Larrinaga v. Two Thousand Bags of Sugar [C. C.] 40 F. 507), though it must be admitted that the facts are not very clear and perhaps the amount conceded arose upon a separate cause of suit.

■ The power of the District Court under section 731 of title 28 of the Code (28 USCA § 731) in general to make rules for its own procedure, earlier in origin, but somewhat more limited in expression than that given the Supreme Court in equity and the admiralty under section 730 (28 USCA), is perhaps in substance no less, though subject to the action of the higher court. Within its scope it is unquestionably valid and has been long exercised not only at common law (Mills v. Bank of U. S., 11 Wheat. 431, 6 L. Ed. 512; Heckers v. Fowler, 2 Wall. 123), but in the admiralty (The Epsilon, 8 Fed. Cas. page 748, No. 4506; The Hudson [D. C.] 15 F. 162, 175; The Montana [C. C.] 22 F. 730). The Forty-Fourth Admiralty Rule of the Supreme Court (28 USCA § 723) confirms it, and the respondent does not indeed dispute it. The argument is that it cannot be used to "overrule" decisions of the Supreme Court or this court which have declared the pre-existing practice. This misconceives the office of a rule, which, while usually the codification of existing procedure (Washington-So. Nav. Co. v. Balt. & Phil. Steamboat Co., 263 U. S. 629, 635, 44 S. Ct. 220, 68 L. Ed. 480), is not so confined. It is the result of the exercise of a power to legislate, delegated by Congress, though circumscribed by the statute which gives it, and by anything contained in the general laws, or

the Supreme Court rules, as the statute itself declares. Within these limits the District Court may disregard existing practice as freely as Congress itself; its action has the force of law (U. S. v. Ormsbee [D. C.] 74 F. 207, 209; American Graphophone Co. v. Nat. Phonograph Co. [C. C.] 127 F. 349), and we are as much bound to observe it as a statute.

There being nothing in the general law, or the Supreme Court Admiralty Rules to forbid the rule at bar, the only question is whether it falls within the power conferred by section 731 (28 USCA). Quite aside from the broad, general grant with which the section concludes, it is apparent that it regulates "the entering * * * of judgments." It does not affect to change the substantive rights of the parties, since at the conclusion of the suit the libellant must have the relief granted; but it does provide that he shall recover at an earlier stage than otherwise he would, so much as he is unconditionally entitled to.

■ So much established, it follows that the respondent's answer set up no defence to the suit, and that the interlocutory decree was right. The rule specifically provides that the suit shall go on as "to contested matters," and it is of no consequence that the partial decree is called final; the rule makes its own definition of that word. Nor was the payment an accord and satisfaction. The respondent may have once offered it as such, as it alleged in the answer, but the offer was refused. To argue that the libellant's motion for partial decree was an acceptance of what it had so rejected, is patently untenable.

The respondent finally urges that it might wish to amend its answer and set up a larger counterclaim. This may indeed be a good reason for vacating the partial decree before satisfaction, but surely it is reasonable to take a party at his word when he pays. It is for him to fix his damages, and if he mistakes the amount and pays in ignorance of the facts, he has only himself to thank for his neglect. It is enough that before payment he has had an opportunity to amend; indeed in the case at bar the respondent does not even intimate that the answer did not correctly state its damages. We can see no more in the whole contention than an ingenious device to avoid proof of damages, and catch the libellant in the toils of practice.

Decree affirmed.