13485

BOMAR v. GANTT ET AL.

(166 S. E., 90)

*Messrs. Williams & Busbee,* for appellants,

*Messrs. Tompkins & Gary,* for respondent,

October 5, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Aiken County, November 6, 1931, by Mrs. Marion W. Bomar, as plaintiff, against the defendants, Boyce R. Gantt, Mrs. Mabel R. Gantt, and N. K. Gantt, is a suit on a promissory note for judgment against the defendants in the sum of $4,000.00, with interest and attorneys' fees. The defendants in their answer admitted the execution of the note, and also the amount alleged to be due thereon, but set up a counterclaim in the sum of $1,750.00. Following the filing of the answer and counterclaim set up therein, the plaintiff made a motion before the Court to require the counterclaim to be made more definite and certain, and also for an order requiring the defendants to satisfy the plaintiff's admitted claim, set out in the complaint, less the amount claimed under the counterclaim. The motion was heard before his Honor, Judge Hayne F. Rice, who issued an order thereon, dated December 14, 1931, requiring the counterclaim to be made more definite and certain in the particulars hereinafter mentioned, and ordered that the answer, as so amended, should be served on the plaintiff's attorneys within ten days after the service of the said order on defendants, and provided that upon the failure to comply with such directions the plaintiffs should have leave to apply for an order dismissing defendant's counterclaim, and for judgment. In said order, his Honor, Judge Rice, also adjudged and decreed that the defendants should, within five days of the date of service of the same upon them, pay unto the plaintiff's attorneys the amount asked for by the plaintiff, as set forth in her complaint, over and above the amount of the defendants' counterclaim, and provided, further, that

in default of such payment the plaintiff should have leave to enter up judgment against the defendants for such amount, together with costs, and for leave to issue execution on such judgment against the property of the defendants. The defendants served an amended counterclaim, but did not pay over the money, as required in the order of his Honor, Judge Rice, and thereafter the plaintiff duly entered judgment against the defendants as provided in the said order. From said order and judgment entered as aforesaid, the defendants appealed to this Court.

For the purpose of showing the further procedure in the cause had before his Honor, Judge Rice, we quote herewith the following agreed statement of counsel, appearing in the transcript of record: "Thereafter, respondent gave notice of a motion to strike the amended counterclaim and for judgment for the balance of the amount claimed. This motion was noticed for January 9th, 1932, but respondent's attorneys could not make an engagement with the Judge to hear the case before the 16th of January, 1932, and on that day appellants' attorneys appeared for the purpose of objecting to the hearing and any order that might follow, upon the grounds, that since the primary obligor, Boyce R. Gantt, was a member of the Legislature from Aiken County, the constitutional immunity from harassing or vexatious litigation affecting his estate was applicable to the procedure sought to be had. The Judge overruled said objection and proceeded to hear and determine the issues which resulted in an order of judgment for the full amount of her claim, but further ordered that no execution should issue until such time as the counterclaim was disposed of. The plaintiff's motion to strike the answer and counterclaim on the last hearing was based upon the grounds that the counterclaim as amended did not comply with the terms of the order requiring the amendment and that it set out a cause of action in tort not connected with the subject matter of the contract upon which plaintiff's cause of action was based; but the

Judge held that the cause of action was one in contract and not in tort, and for that reason denied the motion on the latter ground; but concluded as to the former ground that the provisions of the counterclaim, as amended, did not comply with the terms of the order. Hence, judgment was entered pursuant to the last order and defendants, called appellants here, duly appealed. A reply was duly made to the counterclaim of defendants."

From the last-mentioned order, dated January 16, 1932, and the judgment entered thereon, the defendants appealed, as well as from the first-mentioned order and judgment thereon.

The errors imputed to the trial Judge by the appellants are stated as follows:

"1. His Honor erred in holding that the counterclaim did not set up a sufficient counterclaim against the complaint, since it showed with sufficient intelligence to enable anyone to understand that it was for land sold to the plaintiff for drainage purposes, and for which plaintiff still owes the defendants.

"2. His Honor erred in holding that the answer was insufficient and in concluding that he was *bound* by the cases named in the order; whereas he should have held that the statute, using the word may, compelled him to exercise a discretion as to whether he would allow the order or not.

"3. His Honor erred in holding that the amended answer did not comply with his order, since it set out with sufficient intelligence to enable anyone to understand the extent of the land sold to plaintiff for drainage purposes.

"4. His Honor erred in holding that the order he issued January 16, 1932, was not such an order as was prohibited by the constitution, when the primary obligor, Boyce R. Gantt, was at that time a member of the General Assembly of South Carolina, then in session since the second Tuesday in January; whereas he should have held that the constitutional provision contained in Article 3, Section 14, protected

Boyce R. Gantt in his person and estate from such order as was sought and issued, and since he was the primary obligor, protection insured to his codefendants' benefit, and it was prejudicial as to them as well as to him to proceed with the hearing and the issuing of the order while the Legislature was in session."

Pursuant to due notice, the respondent asks the Court to sustain the order of Judge Rice, dated January 16, 1932, upon the following grounds: "Because his Honor should have ruled that the counterclaim set out in defendants' answer and amended answer stated a cause of action in tort not connected with the subject matter of the original suit and was therefore not a proper counterclaim and should have been stricken out."

In passing upon the questions presented by the appeal, we shall not consider the exceptions separately, but as a whole, and shall discuss those issues only which we consider pertinent in reaching a correct decision in the case.

As to the exception imputing error to the trial Judge in adjudging and directing, in his first order, dated December 14, 1931, that the defendants should pay unto the plaintiff the amount admitted to be due, over and above the sum set up in defendants' counterclaim, and giving leave to plaintiff to enter up judgment in case of default, the same cannot be sustained. The section of the Code to which his Honor referred in his said order, Section 524, Vol. 1, Code of Civil Procedure of 1922, Section 584 (Sub. 15), Vol. 1, Code of 1932, and the cases of *Malloy v. Douglass*, 113 S. C., 384, 101 S. E., 825, and *Phenix Furniture Company v. Daggett*, 145 S. C., 357, 143 S. E., 220, amply support the holding of his Honor. The section of the Code referred to reads as follows: "When the answer of the defendant expressly, or by not denying, admits part of the plaintiff's claim to be just, the Court on motion, may order such defendant to satisfy that part of the claim and may enforce the order as it enforces a judgment or provisional remedy."

It is the position of appellant that since the statute says " * * * the Court on motion, *may* order such defendant to satisfy that part of the claim and *may* enforce the order * * * " (italics added), the trial Judge should have exercised his discretion in the matter, and, under the facts of the case, should not have issued the order in question. By reference to the order, it will be observed that the trial Judge in said order, in addition to stating that after hearing from the attorneys for both plaintiff and defendants he concluded that he was bound by the provisions of the sections of the Code referred to and the cases above mentioned, further stated, "and that plaintiff is entitled to the relief sought." From the record before us we are unable to say that his Honor, the trial Judge, did not exercise his discretion in the matter, and, further, from the record before us, we are unable to say that his Honor abused his discretion. On the other hand, we are satisfied that his Honor did what he thought was right under the circumstances of the case. In this connection we call attention to the fact that when this, the first order, dated December 14, 1931, was issued, and the matters therein mentioned were considered, no question was raised as to one of the defendants, Boyce R. Gantt, being in attendance at the Legislature, or being a member thereof. In fact, this occurred more than ten days prior to the convening of the Legislature.

As to the other portion of said order, bearing date December 14, 1931, wherein his Honor ordered and directed the counterclaim set up in defendants' answer to be made more definite and certain, we are unable to find any error in the same. The allegations setting up the counterclaim in the original answer were not sufficiently clear, and we think the Judge was justified in ordering the same to be made more definite and certain. However, it is our opinion that the defendants sufficiently complied with his Honor's order in their amended answer filed. The counterclaim was based upon a claim with regard to the opening

of a ditch upon land of the defendants. The order of his Honor, dated December 14, 1931, directed that the counterclaim should be made more definite and certain in the following particulars:

"1. By alleging definitely when the land mentioned therein was purchased by the said Boyce R. Gantt and by definitely describing the same.

"2. By alleging with particularity the amount of the alleged drainage area owned by each defendant, the interest of each therein, and the time of acquiring same.

"3. By alleging specifically when the alleged agreement between plaintiff and defendants was entered into and whether or not the same was in writing.

"4. By alleging specifically when the ditch was opened by plaintiff."

In an effort to comply with said order, the defendants in their amended answer made the following allegations (omitting defendants' prayer) with reference to the counterclaim:

"1. These defendants allege that they are residents of Aiken County and upon information and belief that the plaintiff is also a resident of Aiken County, South Carolina.

"2. These defendants allege that on or about February 28, 1928, the defendant, Boyce R. Gantt, for value, executed and delivered to the plaintiff his note for the amount and of the tenor as alleged in the complaint and that his co-defendants did endorse and guarantee payment thereof as a secondary liability to the debt owing by him and they allege that the interest was paid up to February 28, 1929.

"3. That the defendant, Boyce R. Gantt, on or about November 17, 1924, became the exclusive owner in fee of all that certain piece, parcel or tract of land in Aiken County, containing fifty-one (51) acres, more or less, bounded north by Mrs. Mabel R. Gantt, east by plaintiff, south by W. M. Hartley and west by Mrs. Mabel R. Gantt and D. B. Busby Estate and said defendant is still the owner in fee of said tract of land.

"4. That for more than ten years before the purchase by the defendant Boyce R. Gantt of the tract of land referred to in Paragraph three, his co-defendant, Mrs. Mabel R. Gantt, was the owner in fee of that tract of land containing eighty-five (85) acres, more or less, in Aiken County, South Carolina, bounded north by Cato, east by Quattlebaum and the plaintiff, south by tract above, and west by D. W. Barton.

"5. That about a year prior to November 17, 1924, the ditch referred to hereinbelow being on the line between the two tracts of land aforesaid, the plaintiff spoke to the defendant Boyce R. Gantt who was managing the tract of land aforesaid of his co-defendant, about opening up an old ditch that had been closed on the line between the two aforesaid tracts and she desired to buy the use of the land or the right over the land for the purpose of draining a large high land pond on her land, and acting for his codefendant, the defendant Boyce R. Gantt agreed to allow her to do so and there was no amount agreed on and there was no agreement as to exactly how much said use would be worth; and shortly thereafter the defendant Boyce R. Gantt purchased the tract of land owned by him, described above, and she came to him during the following year and made the same proposition as to the land he had bought with reference to the right or privilege of draining over it, and he accepted upon the same terms as stated hereinabove with reference to his co-defendant's land; but at that time the ditch had been opened and she was using the said right, the ditch having been opened about 1923; and the ditch was opened pursuant to her said agreement and it was allowed to be opened pursuant to her said agreement and it was opened by hands employed by her. That the ditch is as much as twelve feet deep in some places and has great quantities of earth thrown on the sides and it carries water from this large high land pond nearly three quarters of a mile over and through the lands of these defendants and during each

heavy rain, occurring each year, and often more than once a year, great quantities of water, in the enjoyment of said right and privilege, was sent through this ditch and over the lands of these defendants, some ten acres being rendered unfit for cultivation belonging to the defendant, Mrs. Mabel R. Gantt, and some twenty acres being rendered unfit for cultivation belonging to the defendant, Boyce R. Gantt, and the matter was thoroughly discussed between the plaintiff and the defendant, Boyce R. Gantt, acting for himself and his co-defendant, Mrs. Mabel R. Gantt, in the year 1925, within six years from the commencement of this action and was agreed to except that a reasonable amount undetermined, was to be paid to the defendant, Boyce R. Gantt, for the use of his land and the use of his co-defendant's land, he having himself arranged between his co-defendant and himself so as to assume the granting of the right and privilege of both places to the plaintiff.

"6. That said ditch has been so enlarged within the past four or five years by the plaintiff by keeping the same open and keeping the water running through it, washing it out, that it takes a strip of land some thirty feet in width to hold the banks and carry the water, and renders adjoining lands soggy and unfit for cultivation and the plaintiff has ever since the aforesaid agreements (although they were not in writing) taken possession of, used, and enjoyed the right and privilege each year thereafter of running the water from her said pond over the hands aforesaid of these defendants and she has entered into and taken possession of land that is occupying the same for said purposes pursuant to said agreement and in equity and in conscience the purchase price thereof she should be specifically required to pay, which these defendants allege to be of the value of Seventeen Hundred and Fifty ($1,750.00) Dollars and for which amount plaintiff is liable to the defendant, Boyce R. Gantt, from whom plaintiff secured said right and privilege, said amount being fair and reasonable for the land actually gone

into possession of and actually opened up and used and still being used by the plaintiff, for which these defendants are entitled to counterclaim, said cause of action and right of counterclaim being one growing out of contract and existing at the time of the commencement of this action.

"7. These defendants further allege that the plaintiff is indebted to them in the sum of Fifteen Dollars and Seventy-five cents ($15.75) for ginning in 1931, which claim likewise existed at the time of the commencement of this action and for which they should have an offset against the plaintiff's demand."

As we view the case, this was a substantial compliance with the Judge's order, and, further, that the allegations were sufficiently definite to enable the plaintiff to reply to the same. It is often the case that dates, acreage, and other matters cannot be alleged with absolute certainty. It is therefore our opinion that his Honor erred in holding that the defendants had not complied with his order, and erred in striking out the answer and counterclaim of the defendants, as set up in their amended answer, and in giving judgment to the plaintiff for the balance of the amount involved in her complaint.

It is also our opinion that the entire order of January 16, 1932, in so far as it affects the defendant Boyce R. Gantt, was improperly issued, for the reason that it was brought to the attention of the Circuit Judge at said hearing, that the General Assembly of South Carolina was at that time in session and, as a member thereof, it was the duty of the said defendant to attend the same. Article 3, Section 14 of the Constitution of 1895 of South Carolina, reads as follows: "The members of both houses shall be protected in their persons and estates during their attendance on, going to and returning from the General Assembly, and ten days previous to the sitting and ten days after the adjournment thereof. But these privileges shall

not protect any member who shall be charged with treason, felony or breach of the peace."

Under the provisions of the said order of the Circuit Judge, dated January 16, 1932, it was required that the same be served upon the defendant Boyce R. Gantt, and, further, he was required, within the time limited therein, to pay over unto the plaintiff a certain amount of money, and in case the money was not paid as required therein, within the time stipulated, judgment was ordered against him. Such order, of course, affected Mr. Gantt's estate and, according to our view, should not have been issued, for the reason, as stated above, Mr. Gantt was at that time a member of the General Assembly which was in session. According to our view, the order was in contravention of the above-stated provision of the Constitution. In this connection we call attention to the following cases: *Tillinghast & Arthur v. Carr,* 4 McCord, 152; *Worth v. Norton,* 56 S. C., 56, 33 S. E., 792, 45 L. R. A., 563, 76 Am. St. Rep., 524.

We are unable to agree with the respondent in her contention that the amended answer of the defendants, setting up a counterclaim, stated a cause of action in tort not connected with the subject-matter of the original suit. We think that the Circuit Judge was correct in overruling respondent's contention. As we view the allegations set up in the counterclaim, the same stated a cause of action in contract and not in tort.

It is therefore the judgment of this Court that the orders and judgment appealed from be modified in accordance with the views herein expressed, and that the case be and is hereby remanded to the lower Court for further procedure not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.