## S. H. POMERANCE CO., Inc. v. THE WARREN P. MARKS et al.

United States District Court
S. D. New York.
March 5, 1949.

Hill, Rivkins & Middleton, New York City (George B. Warburton, New York City, of counsel), for libelant.

John F. X. McGohey, United States Attorney, New York City, William H. Lane, New York City, for respondents.

GODDARD, District Judge.

This is a motion by the libelant for an order "in accordance with Rule XXIX of the Admiralty Rules of this court granting a decree to libelant for the amount of its damages with interest and costs and referring the question of damages to a Special Commissioner".

Rule XXIX of the Admiralty Rules of this court provides: "29. Decree for Sum Admitted to be Due. In case the respondent or claimant in his answer does not deny that the libelant is entitled to recover in respect of a part of a claim set forth in the libel and does not claim any recoupment, offset, or counterclaim in respect of said part admitted to be due, the Court may, upon motion, make an order of severance and enter a final decree for any sum so admitted to be due; all without prejudice to the further prosecution of the cause with respect to contested matters."

The libel in substance alleges that libelant delivered to the respondents 19 cases containing watches including one marked "K. W. 195" then in good order and condition and respondents accepted the cases for shipment and libelant paid the freight for such shipment. When the ship arrived at its port of destination, libelant received only 18 cases and part of the contents, in bad condition, of the nineteenth case "K. W. 195". The damage alleged is some $12,-000.

The prime allegation of the respondents' answer which libelant claims admits the loss is as follows: "Ninth. It admits that thereafter, and on or about February 20, 1946, the S. S. Warren P. Marks arrived at the port of New York and there made delivery of the said cases in accordance with the terms and conditions contained and incorporated in the aforesaid bill of lading."

Libelant contends that respondents admit further that the 28 boxes containing 24 watch movements were found aboard the S. S. Warren P. Marks in the engineer's quarters which were seized by the Federal Bureau of Investigation as evidence and were later identified as part of the contents of case "K. W. 195". Respondents deny information sufficient to form a belief as to whether or not any loss resulted since all the cases were delivered in the same apparent external good order and condition as when received for shipment by the carrier and the contraband discovered aboard the vessel was delivered in full to the claimant upon identification of it as being part of the contents of the said case.

The libelant argues from this that "It would, therefore, appear that there is no dispute but that broaching of this case of watches occurred during the ocean transit".

This assumption on the part of the libelant is not justified for one of the various affirmative defenses is that under the bill of lading respondents are not liable since the case may have been opened prior to its coming into the custody of the carrier.

It is clear from the allegations in respondents' answer that neither liability nor the amount of damage, if any, is admitted by respondents.

Judge Learned Hand in Galveston Dry Dock & Const. Co. v. Standard Dredging Co., 2 Cir., 40 F.2d 442, 444, stated, "We hold that the rule allows an immediate decree for any amount which on the pleadings appears to be presently due, regardless of whether this gives the libellant a partial recovery on a single cause of suit."

The above defense suffices to point out that the pleadings in this case not only do not show a present amount due but put in issue the existence of liability.

Motion denied. Settle order on notice.